Mary Jane ALVAREZ, f/k/a Mary Jane Carlson, f/k/a Mary Jane Pecka, Plaintiff and Appellant,

v.

Steven Robert CARLSON, Defendant and Appellee.

Civ. No. 900248.

Supreme Court of North Dakota.

Aug. 16, 1991.

Duane E. Houdek (argued), Legal Assistance of North Dakota, Bismarck, for plaintiff and appellant.

Lawrence P. Kropp (argued), Jamestown, for defendant and appellee.

GIERKE, Justice.

Mary Jane Alvarez appealed from an amended judgment of the district court of Stutsman County, dated May 10, 1990, modifying the custody and visitation provisions of a divorce decree entered by the family court in the State of Hawaii on April 27, 1988, and amended June 2, 1988. We affirm the amended judgment except for the award of grandparent visitation, which we reverse.

Mary and Steven were married in 1979 at Jamestown, North Dakota. Daniel was born that year and Christine was born in 1981. In February or March, 1987, while Steven was attending military training with the Air National Guard in Mississippi, Mary took Christine and Daniel to live in Hilo, Hawaii. Mary filed for divorce in the family court of Hawaii. A divorce decree was entered on April 27, 1988, awarding Mary a divorce from Steven and giving her custody of both children. The original decree gave Steven specified limited hours of visitation with the children on Tuesdays and Saturdays, but provided for no overnight visitation. During June 1988, the Hawaii court extended Steven's visitation privileges, but again did not provide for overnight visitation.

While exercising a Saturday visitation, on July 2, 1988, Steven took the children and moved from place to place, eventually settling in Colorado. Mary had no knowledge where Steven and the children were residing until, about nine months later, the Colorado authorities discovered their whereabouts while investigating a traffic accident in which Steven was involved.

The children were returned to Mary in April 1989, and she then returned to reside with them in Jamestown, North Dakota. Steven was extradited to Hawaii, where he pled no contest to the charge of custodial interference in the first degree. Steven was sentenced to six months incarceration with all but 30 days suspended, ordered to pay Mary restitution, and placed on probation for five years.

In November 1989, Steven filed a motion with the district court of Stutsman County requesting the court to assume jurisdiction under the Uniform Child Custody Jurisdiction Act, Ch. 14–14, N.D.C.C., and to amend the amended divorce decree of the Hawaii family court to provide that Steven have custody of Christine and Daniel with reasonable visitation rights for Mary.

On May 10, 1990, the district court entered an amended judgment modifying the Hawaiian divorce decree. The amended judgment provided that the parties would have "joint legal custody" of Daniel and Christine. Mary was given "primary physical custody." Steven was expressly granted "the absolute care, custody and control of the parties' minor children from June 1st of each year until August 20th of each year." The amended judgment also provided reasonable visitation for each party during their noncustodial time period. From the amended judgment Mary has filed this appeal.

When a party requests a modification of an original custody award the court must determine whether there has been a significant change of circumstances since the original custody award. If there has been a significant change of circumstances, the court must then determine whether those changes are such that the best interests of the children would be served by a change in custody. *Wright v. Wright*, 431 N.W.2d 301 (N.D.1988). The court's determination of whether there has been a significant change of circumstances warranting a modification of the original custody award is a question of fact which will not be overturned on appeal unless it is clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Von Bank v. Von Bank*, 443 N.W.2d 618 (N.D.1989).

The trial court's finding that the circumstances in this case have "substantially, and drastically, changed since the entry of the parties' Hawaiian divorce decree" is supported by the evidence in the record and is not clearly erroneous. When the Hawaii family court established custody and visitation the parties were living in Hawaii. Steven is now living in Colorado and Mary and the children are living in North Dakota. The trial court correctly concluded that this change of circumstances, in itself, renders the Hawaiian divorce decree concerning Steven's visitations "no longer practical" because the possibility of weekly visitations has been eliminated. In addition, since the original custody decree was entered, Mary, who concedes that she does not want Steven to have any contact with the children, has been uncooperative in facilitating Steven's visitation privileges. We conclude that there is substantial evidence to support the court's

finding that there has been a significant change of circumstances since the original custody award.

Having determined that there was a significant change of circumstances, the trial court was then required to determine whether those changed circumstances warranted, in Christine and Daniel's best interests, a modification of the original custody decree.

The record reveals that neither Mary nor Steven's conduct has been exemplary. Mary concedes that she has continued to hamper Steven in exercising his visitation privileges, and she testified that she will continue to resist visitation for Steven. Although she alleges that Steven has sexually abused the children, she admits that prior to leaving Steven in 1987, she left the children alone with him for a week while she took a trip to Kentucky. When Mary and the children were residing in Hawaii, Steven knowingly violated the law by kidnapping the children and secreting them from their mother for many months. While this conduct by Steven was particularly egregious the trial court undoubtedly considered all of the factors in reaching its determination, and we do not substitute our judgment for the trial judge who has had an opportunity to observe the parties and the witnesses. We conclude that the trial court's determination that the changed circumstances warranted a modification of the original decree is not clearly erroneous.

Mary complains that there is no basis for the trial court's finding that a joint custody arrangement was in the best interests of the children. Mary concedes that split or alternating custody is not per se unreasonable. Her argument appears to be that because she and Steven do not get along a joint legal custody arrangement would not work if both parties must reach agreement on decisions concerning the children. We believe that Mary has misconstrued the trial court's judgment. She did not ask for clarification of the judgment, but apparently assumes that it requires Steven and her to jointly make day-to-day decisions about the childrens' lives irrespective of which parent happens to have physical custody when those decisions are made. We do not construe the judgment in that manner. The trial court specifically decreed that Steven's custody and visitation rights entitled him to the "absolute care, custody and control" of the children from June 1 to August 20 of each year. We construe the judgment as giving Mary, by implication, the absolute care, custody and control of the children for the remaining days of each year. Thus, the parties share legal custody of the children during the year, with each having sole decision-making authority when he or she has physical custody of the children. We conclude that the trial court's modification of the original custody decree to include this type of "joint legal custody" arrangement is not clearly erroneous.

■ As part of its judgment in modifying the original decree the district court gave Steven's mother, the children's paternal grandmother, a weekend visitation each month during the months of September through May. We conclude that the court erred in awarding grandparent visitation, because there was no motion requesting it.

Section 14-09-05.1, N.D.C.C., authorizes the court, under certain circumstances, to award the grandparents of a minor child reasonable visitation rights. That provision provides in relevant part:

"If any district court of this state has jurisdiction over the custodial placement of the minor child or children involved by virtue of any prior proceedings, the rights conferred by this section may be enforced through motion under the prior proceeding. If no district court has jurisdiction, a proceeding to enforce grandparental rights must be brought as a civil action and venued in the county of residence of the minor children. The custodial parent must be named as defendant."

Although the children's paternal grandmother testified at the hearing, she did not file a motion requesting the court to award her visitation privileges. The statute envisions enforcement of rights granted under the provision by motion or by the filing of a separate action if the court does not have

jurisdiction under a prior proceeding. By requiring the grandparent to request visitation through a motion or a separate action, the statute protects the rights of the custodial parent or other interested party who may be adverse to the request, giving them notice and an opportunity to voice objection to the request. Absent a motion requesting visitation privileges, the court should not have awarded the paternal grandmother visitation under the statute.

■ Mary asserts that Steven should not be entitled to a modification of the custody decree because he has not fully complied with the original decree. On the record before us it appears that perhaps neither party has fully complied with the original decree. Nevertheless, the original custody and visitation provisions became impractical to enforce when the parties changed their residences. Assuming that Steven has not fully complied with the original decree, we do not believe that under these circumstances his noncompliance precludes modification of the original custody award.

The amended judgment is affirmed except for the award of grandparent visitation, which is reversed.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

LEVINE, Justice, concurring in result.

I write to distance myself from any suggestion that each party's misconduct here is somehow equal and therefore deserving of equal disapproval. I find no parallel between the father's felonious abduction of the children and his secreting them for nine months until he was foiled by the happenstance of his involvement in a traffic accident, and the mother's pesky attitude toward the father's visitation, which ranged from limiting the length of phone calls to ten minutes each to downright obfuscation. Because I am satisfied that the trial court did not equate the culpability of the parties, I join in affirming the trial court's decision with the exception of grandparent visitation.