1999 ND 55

**Nora WEIGEL, Plaintiff and Appellee,**

v.

**Robert WEIGEL, Defendant and Appellant.**

**No. 980090.**

Supreme Court of North Dakota.

March 24, 1999.

Gregory Ian Runge, Bismarck, ND, for plaintiff and appellee.

William C. Severin, of Severin, Ringsak & Morrow, Bismarck, ND, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Robert Weigel appealed from a separation judgment dated March 3, 1998, and also attempted to appeal from a vacated Amended Separation Judgment, dated January 14, 1998. We reverse and remand for further proceedings complying with N.D.R.Civ.P. 63.

[¶ 2] Nora and Robert Weigel married in 1993. In 1996, Nora sued for separation from Robert. The matter was tried before the Honorable Dennis A. Schneider on August 14 and 15, 1997. On January 13, 1998, Judge Schneider signed findings of fact, conclusions of law, and order for judgment, and a separation judgment was filed. On January 14, 1998, Judge Schneider signed amended findings of fact, conclusions of law, and order for judgment, and an amended separation judgment was filed. In an order filed on February 19, 1998, after a hearing requested by Robert's counsel because of what he viewed as "the improper way the amended judgment was entered," Judge Schneider vacated both sets of findings, conclusions, and orders for judgment, and vacated both separation judgments.

[¶ 3] On February 26, 1998, the Honorable Gail Hagerty signed findings of fact, conclusions of law, and order for judgment stating the "cause came on regularly for trial before the undersigned Court ... on the 14 th and 15 th days of August 1997," awarding child custody, fixing child support and spousal support, and dividing the marital property. A

separation judgment was filed on March 3, 1998.

[¶ 4] Robert filed a Notice of Appeal from both the vacated Amended Separation Judgment dated January 14, 1998, and from the March 3, 1998, separation judgment. A vacated judgment is not appealable under N.D.C.C. § 28–27–02. We therefore treat this simply as an appeal from the separation judgment of March 3, 1998.

[¶ 5] Robert contends the property division and the spousal support award are clearly erroneous. Robert also contends he was denied due process:

> The final Judgment was signed by a judge other than the trial judge, with no explanation given for the substitution or any certification by the new judge that she was familiar with the facts in this case. She was not given an opportunity to observe the witnesses, listen to the testimony, or in any other way [become] familiar with the facts which she claimed to have found. This is a violation of due process.

[¶ 6] "The trial judge who makes a decision involving a disputed question of fact should have the opportunity to see and hear the witnesses and determine their credibility." *Paulson v. Meinke*, 352 N.W.2d 191, 193 (N.D.1984). "In cases tried without a jury, the general rule is that a party litigant is entitled to a decision on the facts by a judge who heard and saw the witnesses, and a deprivation of that right is a denial of due process." *Id.* However, N.D.R.Civ.P. 63 allows a successor judge to make findings and conclusions on an existing or supplemented record:

> If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

[¶ 7] "Rule 63, N.D.R.Civ.P. (1994) is identical to Rule 63, F.R.Civ.P. (1991). The Federal Rule Advisory Notes are, therefore, persuasive guidelines for our interpretation of Rule 63, N.D.R.Civ.P. (1994)." *Binder v. Binder*, 557 N.W.2d 738, 741 n. 2 (N.D. 1996). Although we are not compelled to interpret our procedural rules in the identical manner as federal courts interpret corresponding federal rules, decisions of the federal courts are persuasive in construing our rules. *State v. O'Rourke*, 544 N.W.2d 384, 385 (N.D.1996). *See also State v. Runck*, 534 N.W.2d 829, 831 (N.D.1995) ("Rule 41, N.D.R.Crim.P., was drawn from Rule 41, F.R.Crim.P., and therefore, we give great weight to the construction placed on it by the federal courts.")

[¶ 8] "[T]he reasons for a substitution should be stated on the record." Advisory Committee Notes, 1991 Amendment, F.R.Civ.P. 63. Both the Advisory Committee Notes, 1991 Amendment, F.R.Civ.P. 63, and the Explanatory Note to N.D.R.Civ.P. 63 require a successor judge to certify familiarity with the record and to determine the case may be completed before that judge without prejudice to the parties, which will necessarily require there be available a transcript or a videotape of the proceedings prior to substitution.

[¶ 9] "To certify familiarity with the record, a successor judge must read and consider all relevant portions of the record." 12 James Wm. Moore, *Moore's Federal Practice* § 63.04[3] (1998). In *Canseco v. United States*, 97 F.3d 1224, (9th Cir.1996), a successor judge denied a motion for a new trial without certifying familiarity with the record. The appellate court held the successor judge must comply with F.R.Civ.P. 63:

> We conclude the successor district judge in this case must comply with Rule 63. Before ruling on Canseco's motion for a new trial, the successor judge must certify her familiarity with the record. To certify her familiarity with the record, the successor district judge will have to read and consider all relevant portions of the record.... And, in her discretion, the suc-

cessor judge may grant or deny the new trial motion.

*Id.* at 1227. A successor judge "must have sufficient confidence in the existing record to be able to resolve the case on a fair and intelligent basis." 12 James Wm. Moore, *Moore's Federal Practice* § 63.05[6][a] (1998). "If a successor judge is satisfied that he or she cannot perform the duties imposed by the Federal Rules of Civil Procedure with respect to the particular case, the successor is empowered to and must order a new trial." *Id.*

[¶ 10] Here, no reason for the substitution of judges has been given and the successor judge did not certify her familiarity with the record. Thus, the successor judge did not comply with N.D.R.Civ.P. 63 before issuing findings of fact, conclusions of law, and order for judgment.

[¶ 11] The judgment is reversed and the matter is remanded for further proceedings in accordance with this opinion.

[¶ 12] VANDE WALLE, C.J., MARING and KAPSNER, JJ., and RALPH R. ERICKSON, District Judge, concur.

[¶ 13] RALPH R. ERICKSON, District Judge, sitting in place of SANDSTROM, J., disqualified.