2000 ND 36

**Weston L. BERG, Plaintiff and Appellant,**

v.

**Brenda M. BERG, Defendant and Appellee.**

No. 990087.

Supreme Court of North Dakota.

Feb. 25, 2000.

Rehearing Denied March 30, 2000.

Shirley A. Dvorak, Moosbrugger, Dvorak & Carter, Grand Forks, for plaintiff and appellant.

Leslie Bakken Oliver, Vogel Law Firm, Bismarck, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Weston Berg appeals from a divorce judgment. Concluding the district court should have made specific findings to support its award of unsupervised visitation to Brenda Berg and erred in its determination of payment of health insurance premiums, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I

[¶ 2] Weston and Brenda Berg were married in 1990. Two children were born of the marriage. Weston Berg has a law degree, but quit practicing law in 1989 to farm full-time. Brenda Berg is a registered nurse.

[¶ 3] The parties separated in 1996, and this divorce action was brought in 1997. Each party claimed the other had committed domestic violence during the marriage, and each sought custody of the children. The court found Brenda Berg had committed domestic violence, and awarded custody of the children to Weston Berg. Concluding the presumption against unsupervised visitation under N.D.C.C. § 14–09–06.2(1)(j) had been rebutted, the court awarded extensive unsupervised visitation to Brenda Berg. The court applied the child support guidelines and ordered Brenda Berg to pay child support of $582 per month.

[¶ 4] The court ordered the parties' property divided under their prenuptial agreement. Weston Berg was ordered to pay all costs of visitation and a portion of the expert witness fees, guardian ad litem fees, and Brenda Berg's attorney fees. The court ordered Brenda Berg to pay health insurance premiums for the children if it became available through her employer "at a reasonable cost not to exceed five percent of [her] income."

[¶ 5] Weston Berg filed a timely notice of appeal under N.D.R.App.P. 4(a). The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] Weston Berg argues the trial court failed to make specific findings of fact to support its finding that the presumption against unsupervised visitation had been rebutted.

[¶ 7] The trial court specifically found Brenda Berg had committed domestic violence. The court therefore found the presumption created by N.D.C.C. § 14–09–06.2(1)(j) had been triggered, and awarded custody of the children to Weston Berg.

[¶ 8] When the court finds domestic violence has occurred, there is a presumption only supervised visitation will be allowed:

If the court finds that a parent has perpetrated domestic violence and that parent does not have custody, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, the court shall allow only supervised child visitation with that parent unless there is a showing by clear and convincing evidence that unsupervised visitation would not endanger the child's physical or emotional health.

N.D.C.C. § 14–05–22(3). We have explained the statute places a "heavy burden of proof" upon the perpetrator of domestic violence to show unsupervised visitation will not be harmful to the child:

The statute effectively creates a presumption that unsupervised visitation would be harmful to the child's physical or emotional health, and it allows unsupervised visitation only if the offending parent proves by clear and convincing evidence that it will not be harmful to the child. No burden is imposed on the custodial parent to prove, by expert testimony or otherwise, that unsupervised visitation with the more violent parent will in fact be harmful to the child.

*Kluck v. Kluck,* 1997 ND 41, ¶ 22, 561 N.W.2d 263. Section 14–09–06.2(1)(j), N.D.C.C., directs that in determining whether the domestic violence presumption has been rebutted, the trial court "shall cite specific findings of fact to show that the custody or visitation arrangement best protects the child and the parent or other family or household member who is the victim of domestic violence." Specific, detailed findings of fact, outlining the clear and convincing evidence and delineating the factors considered by the court are required. *See Reeves v. Chepulis,* 1999 ND 63, ¶ 14, 591 N.W.2d 791; *Smith v. Smith,* 534 N.W.2d 6, 11 (N.D.1995).

[¶ 9] In this case, the sole finding of fact supporting the court's award of unsupervised visitation states:

The court finds that there is clear and convincing evidence that unsupervised visitation by Brenda would not endanger the health or physical well being of either minor children [sic] and that supervision is not required in the best interests of the children.

This conclusory finding merely parrots the language of the statute, and falls far short of the specific findings required by the statutory scheme. The trial court does not outline any clear and convincing evidence presented by Brenda Berg, nor does the court set forth the factors it considered in reaching its conclusion. *See Simmons v. New Public School District No. Eight,* 1998 ND 6, ¶ 6, 574 N.W.2d 561 (notice that merely parroted the language of a statute did not adequately delineate the factual assertions or reasons relied upon to nonrenew a school administrator); *Sickler v. Kirkwood,* 1997 ND 40, ¶¶ 6–7, 560 N.W.2d 532 (court must articulate reasons for granting N.D.R.Civ.P. 54(b) certification, and merely "parroting the language of Rule 54(b)" is insufficient). As noted in *Reeves,* at ¶ 14, "[w]e require specific factual findings and conclusions regarding the presumption so we are not left guessing as to the trial court's reasoning for applying or not applying the presumption."

[¶ 10] The trial court's findings must be sufficiently specific and detailed to apprise a reviewing court of the reasoning and rationale for the decision. *See, e.g., Emter v. Emter,* 1999 ND 102, ¶ 8, 595 N.W.2d 16. When the court's findings do not disclose the basis for the court's conclusions of law and decision, "we cannot properly perform our appellate court function." *Emter,* at ¶ 8 (quoting *Pankow v. Pankow,* 371 N.W.2d 153, 157 (N.D.1985)). Without an indication by the court of the evidentiary and theoretical basis for its decision, we are left to speculate whether

the court considered improper factors or misapplied the law to reach its conclusion the presumption against unsupervised visitation had been rebutted.

[¶ 11] We reverse the award of unsupervised visitation and remand for additional findings.

## III

[¶ 12] Weston Berg argues the trial court erred in ordering Brenda Berg to be responsible for the children's health insurance coverage only if such coverage was available through her employer at a cost of less than five percent of her income.

[¶ 13] Under N.D.C.C. § 14-09-08.10, every child support order entered in this state must address health insurance coverage for the child:

Each order entered under this code for the support of a minor child or the support of a child after majority under section 14-09-08.2 must include a provision for health insurance coverage for that child.

1. Except as provided in subsection 2, the order must require the obligor to provide satisfactory health insurance coverage whenever that coverage is available at reasonable cost or becomes available at reasonable cost.

2. If the obligee is an individual with physical custody of the child, the obligee must be required to provide satisfactory health insurance whenever that coverage is available at no or nominal cost.

This statute essentially creates a three-step process for determining who should be responsible for health insurance coverage. First, the custodial parent must be ordered to secure coverage if it is "available at no or nominal cost." N.D.C.C. § 14-09-08.10(2). If not, N.D.C.C. § 14-09-08.10(1) requires the noncustodial parent to provide coverage if it is "available at reasonable cost or becomes available at reasonable cost." If neither subsection is applicable, the trial court has discretion to make other provisions for the child's health insurance or health care costs.

[¶ 14] There is no allegation health insurance coverage was available at "no or nominal cost" to Weston Berg, the custodial parent. Thus, the statute required the court to order Brenda Berg, as the child support obligor, to provide health insurance coverage for the children if it was available, or became available, at reasonable cost. The judgment in this case provided:

Brenda shall provide satisfactory health insurance coverage for the children whenever said coverage is available by and through Brenda's employment at a reasonable cost not to exceed five percent of the [sic] Brenda's income. That should said medical insurance be available, Brenda shall secure the same and shall furnish Weston with all necessary identification for date of coverage, scope of coverage and provider.

[¶ 15] In N.D.C.C. § 14-09-08.15, the legislature has defined "reasonable cost" of health insurance in child support orders:

For purposes of this chapter, health insurance is considered reasonable in cost if it is available to the obligor on a group basis or through an employer or union, regardless of service delivery mechanism.

The legislature has thus statutorily determined health insurance available through an employer, union, or group plan is "reasonable in cost." By requiring Brenda Berg to be responsible for the children's health insurance premiums only if available through her employer at a "reasonable cost" not to exceed five percent of her income, the court has imposed a restriction contrary to the statutory definition. Accordingly, we reverse the judgment provi-

sion regarding health insurance coverage and direct the court upon remand to order health insurance coverage for the children in accordance with the statutes and this opinion.

## IV

[¶ 16] Weston Berg argues the trial court erred in ordering him to be responsible for all transportation and associated costs for visitation.

[¶ 17] Brenda Berg resides in Bismarck; Weston Berg lives and farms near Stanton, approximately sixty miles away. The trial court ordered Weston Berg responsible for all transportation of the children between Stanton and Bismarck for the ordered visitation periods. Weston Berg was ordered to bear all associated costs as well.

[¶ 18] The trial court's determinations on visitation are findings of fact, which will not be reversed on appeal unless they are clearly erroneous. *E.g., Ackerman v. Ackerman,* 1999 ND 135, ¶ 12, 596 N.W.2d 332; *Moilan v. Moilan,* 1999 ND 103, ¶ 29, 598 N.W.2d 81. Because assessment of transportation costs is part of the broader issues of visitation and custody, we will apply the same standard of review to the trial court's determination of such costs. *See Vande Hoven v. Vande Hoven,* 399 N.W.2d 855, 859 (N.D.1987). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence we are left with a definite and firm conviction a mistake has been made. *Fox v. Fox,* 1999 ND 68, ¶ 7, 592 N.W.2d 541.

[¶ 19] The trial court explained it was requiring Weston Berg to transport the children between Stanton and Bismarck, where all visitation exchanges would take place at the Family Safety Center, "[b]ecause of the unreceptive attitude created in large part by the plaintiff and the plaintiff's family with respect to the defendant." Upon review of the entire record, including evidence of the financial circumstances of the parties and of Weston Berg's attempts to demean Brenda Berg's reputation in the Stanton community, we are not left with a definite and firm conviction a mistake has been made. Accordingly, the trial court's findings on transportation and associated costs for visitation are not clearly erroneous.

## V

[¶ 20] Weston Berg argues the trial court abused its discretion in requiring him to pay a portion of the guardian ad litem fees, expert witness fees, and Brenda Berg's attorney fees.

[¶ 21] The fees of the guardian ad litem and court-appointed expert witnesses totaled $20,848. The court ordered Brenda Berg to pay $5,000 of those fees, with Weston Berg responsible for the balance. The court also ordered Weston Berg to pay $11,989, representing one-half of Brenda Berg's attorney fees expended on child custody and support issues.

[¶ 22] A trial court's decision regarding costs and attorney fees in a divorce action will not be disturbed on appeal unless it is affirmatively established the trial court has abused its discretion. *Smith v. Smith,* 534 N.W.2d 6, 12–13 (N.D. 1995); *Simons v. Gisvold,* 519 N.W.2d 585, 588 (N.D.1994). A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Luna v. Luna,* 1999 ND 79, ¶ 23, 592 N.W.2d 557; *Buchholz v. Buchholz,* 1999 ND 36, ¶ 18, 590 N.W.2d 215. In assessing costs and attorney fees, the court must consider the overall financial circumstances of the parties and whether either party's actions

have unreasonably increased the expenditures in the case. *Myers v. Myers,* 1999 ND 194, ¶ 13, 601 N.W.2d 264; *Buchholz,* at ¶ 21.

[¶ 23] Weston Berg argues Brenda Berg, as a perpetrator of domestic violence, should have been responsible for all of the costs and attorney fees under N.D.C.C. § 14–05–22(5), which provides:

> In any custody or visitation proceeding in which a parent is found to have perpetrated domestic violence, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, all court costs, attorneys' fees, evaluation fees, and expert witness fees must be paid by the perpetrator of the domestic violence unless those costs would place an undue financial hardship on that parent.

[¶ 24] Interpretation of a statute is a question of law, fully reviewable on appeal. *City of Devils Lake v. Corrigan,* 1999 ND 16, ¶ 8, 589 N.W.2d 579. Our primary objective in construing a statute is to ascertain the intent of the legislature by giving the language of the statute its plain, ordinary, commonly understood meaning. *Blikre v. ACandS, Inc.,* 1999 ND 96, ¶ 5, 593 N.W.2d 775. We construe statutes to avoid absurd results. *Nemec v. North Dakota Workers Compensation Bureau,* 543 N.W.2d 233, 238 (N.D.1996).

[¶ 25] Although N.D.C.C. § 14–05–22(5) indicates the perpetrator of domestic violence should ordinarily be responsible for costs and fees, we do not believe the legislature intended the statute to authorize a "blank check" to the opposing party. The trial court is authorized to assess costs in a different manner if assessing all costs against the perpetrator of domestic violence would result in "undue financial hardship." "Undue" is defined as "[e]xcessive or unwarranted." Black's Law Dictionary 1529 (7th ed.1999). Accordingly, if the opposing party's conduct unreasonably increases the expenses of litigation, resulting in excessive or unwarranted costs and fees, the court has discretion to apportion the costs and fees between the parties.

[¶ 26] The trial court in this case expressly considered N.D.C.C. § 14–05–22(5), but concluded imposing liability upon Brenda Berg for all of the costs and fees would create an undue financial hardship upon her. The trial court expressly found "that a substantial portion of the court costs, attorney fees, evaluation fees and expert witness fees . . . were excessive and unnecessary" because of Weston Berg's litigious conduct. Upon review of the record in this case, including the financial circumstances of the parties and the court's finding Weston Berg was responsible for unreasonably increasing the litigation expenses, we conclude the trial court did not abuse its discretion in assessing costs and fees.

VI

[¶ 27] Weston Berg requests an award of attorney fees on appeal. Although we have concurrent jurisdiction with the trial court to decide this issue, the trial court is generally in a better position to assess the relevant factors. *E.g., Wagner v. Wagner,* 1998 ND 117, ¶ 11, 579 N.W.2d 207. Because we are remanding on other issues, we leave it to the trial court to initially determine whether to grant attorney fees for this appeal.

VII

[¶ 28] We have considered the remaining issues raised by the parties and find them to be without merit. We reverse those provisions of the judgment allowing Brenda Berg unsupervised visitation and set-

ting responsibility for the children's health insurance coverage, and we remand for further proceedings in accordance with this opinion. In all other respects, the judgment is affirmed.

[¶ 29] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., and RALPH R. ERICKSON, D.J., concur.

[¶ 30] RALPH R. ERICKSON, D. J., sitting in place of CAROL RONNING KAPSNER, J., disqualified.