2005 ND 176

**Lucas CLARK, Plaintiff and Appellee**

v.

**Stacy CLARK, Defendant and Appellant.**

**No. 20050101.**

Supreme Court of North Dakota.

Oct. 18, 2005.

Paul M. Probst (submitted on brief), Probst Law Firm, Minot, N.D., for defendant and appellant.

Jennifer M. Stanley (submitted on brief), McGee, Hankla, Backes & Dobro-

volny, Minot, N.D., for plaintiff and appellee.

CROTHERS, Justice.

[¶ 1] Stacy Clark ("Stacy") appeals from a judgment denying her spousal support and awarding custody of the parties' minor daughter to Lucas Clark ("Lucas"), with visitation for Stacy and potential temporary custody to Lucas' parents. We reverse and remand for proceedings consistent with this opinion.

I

[¶ 2] Lucas and Stacy were married and had a daughter in 2000. At the time of the district court proceedings, Lucas was a Staff Sergeant in the Air Force with six years of service. Stacy's job history was spotty, but she was approaching completion of her bachelor's degree and worked part-time. Stacy pays child support to a third person for a child from a previous marriage.

[¶ 3] Lucas and Stacy each allege the other committed immoral or careless acts throughout the marriage. Each party claims to have been subjected to physical abuse from the other. Stacy alleges Lucas has a drinking problem; Lucas accuses Stacy of having at least one affair. Each claims to be the better parent, accusing the other of being lazy, messy, or disinterested. Neither indicates their daughter has been abused or neglected.

[¶ 4] Shortly before retiring, Judge Holum issued a memorandum opinion. His successor, Judge McLees, issued findings of fact, conclusions of law and an order for judgment consistent with that opinion, granting Lucas the care, custody, and control of the child. Stacy was provided visitation. Lucas' parents were given temporary custody in the event he is sent on temporary duty ("TDY") or is otherwise unable to care for the child. Stacy's request for spousal support was denied without explanation.

II

[¶ 5] Stacy argues the district court erred by not making findings of fact regarding custody. Neither the memorandum·opinion nor the findings of fact evaluated the evidence presented to the district court in a "best interests of the child" analysis. *See* N.D.C.C. § 14–09–06.2. Stacy argues it is impossible to discern why or how the custody determination was made.

[¶ 6] Lucas argues it can be inferred from words used by the district court and evidence within the record that most or all of the "best interests" factors were considered. We decline Lucas' invitation to scour the record and speculate as to what the district court may have found persuasive; we therefore reverse for appropriate factual findings.

■ [¶ 7] When making an initial custody determination, a trial court has a duty to serve the best interests of the child. *DesLauriers v. DesLauriers,* 2002 ND 66, ¶ 5, 642 N.W.2d 892. A court must weigh the "best interests of the child" factors set forth under N.D.C.C. § 14–09–06.2 when making such a decision. *DesLauriers,* at ¶ 5. The decision is subject to a "clearly erroneous" standard of review. *Id.* at ¶ 6; N.D.R.Civ.P. 52(a).

■ [¶ 8] Rule 52(a), N.D.R.Civ.P., requires a court to orally or in writing "find the facts specially and state separately its conclusions of law thereon." The purpose of Rule 52(a) is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. *DeForest v. DeForest,* 228 N.W.2d 919, 924 (N.D.1975). A separate finding is not required for each of the "best interests" factors; however,

the findings need to be stated with sufficient specificity to enable a reviewing court to understand the decision's basis. *Peek v. Berning*, 2001 ND 34, ¶ 6, 622 N.W.2d 186.

[¶ 9] The district court's memorandum opinion disparages both parents, more or less equally, but fails to evaluate the "best interests" factors or provide justification for the custody decision. Nevertheless, the court directed that Lucas retain the care, custody, and control of the child. When a district court provides no indication of the evidentiary and theoretical basis for its decision, the reviewing court is left to speculate whether factors were properly considered and the law was properly applied. *Berg v. Berg*, 2000 ND 36, ¶ 10, 606 N.W.2d 895. Our Court cannot perform its appellate court function under such circumstances. *Id.* We therefore reverse and remand for findings regarding custody.

### III

[¶ 10] Stacy argues the district court erred in denying her spousal support. There were no findings made regarding spousal support in either the memorandum opinion or the findings of fact. Furthermore, she argues, the evidence would have supported an award in her favor. Lucas argues it can be inferred that the court considered spousal support. He also claims that because there is no finding that Stacy is a "disadvantaged spouse," she is not eligible for support.

[¶ 11] A spousal support award should be based on consideration of the *Ruff–Fischer* guidelines, *Staley v. Staley*, 2004 ND 195, ¶ 8, 688 N.W.2d 182, and will be set aside on appeal only if clearly erroneous. *Corbett v. Corbett*, 2001 ND 113, ¶ 17, 628 N.W.2d 312. Here, there is no indication that the trial court considered the *Ruff–Fischer* guidelines.

[¶ 12] Spousal support is addressed in the memorandum opinion, which simply states, "Each party will pay his or her own attorney's fees and neither will pay spousal support to the other." The findings of fact and conclusions of law do not address support, and the judgment only indicates "[t]hat neither party shall receive or pay spousal support."

[¶ 13] We have stated that without an understanding of the basis of a decision, review is not feasible, because it is impossible to know whether a mistake has been made. *Berg*, 2000 ND 36, ¶ 10, 606 N.W.2d 895. We reverse and remand for further findings regarding spousal support.

### IV

[¶ 14] Stacy argues the district court erred in its award of potential temporary custody to Lucas' parents. No findings of fact were made as to the determination. Conversely, Lucas argues the arrangement is in the child's best interests and will not interfere with Stacy's parent-child relationship. Additionally, he directs us to evidence in the record that supports such an arrangement.

[¶ 15] The district court judgment provides, "If Lucas should be ordered TDY or ordered to a situation where family cannot go with him then, in that event, Lucas' parents shall have temporary custody." Whether this arrangement was intended by the district court to be "visitation" or "temporary custody" is unclear.

[¶ 16] Grandparent visitation is governed by N.D.C.C. § 14–09–05.1, which "specifically requires the district court to find that grandparent visitation would be in the best interests of the child and would not interfere with the parent-child relationship, as a prerequisite." *Schempp–Cook v. Cook*, 455 N.W.2d 216, 217 (N.D.1990). Such findings of fact provide parties with what they are entitled to—a determination by the district court

that is based upon a proper application of the law. *Id.* Furthermore, a motion by the grandparent requesting visitation privileges is required before a court may award grandparent visitation. *Alvarez v. Carlson,* 474 N.W.2d 79, 83 (N.D.1991). This requirement protects the rights of the parents or others who may oppose the request. *Id.* Although Lucas' mother testified at trial, she made no motion for visitation and was not a party to the action.

[¶ 17] If the "grandparents' care and custody" award is deemed custody rather than visitation, it is similarly improper. Although the rights of parents are not absolute, " '[p]arents generally have a right to the custody and control of their children superior to the right of any other person.' " *Botnen v. Lukens,* 1998 ND 224, ¶ 5, 587 N.W.2d 141 (quoting *Goter v. Goter,* 1997 ND 28, ¶ 7, 559 N.W.2d 834). Furthermore, "an award of custody to the grandparents rather than to one or both of the child's natural parents is clearly erroneous unless exceptional circumstances require that such a custody disposition be made" and it is in the best interests of the child. *Botnen,* at ¶ 6 (citing *Hust v. Hust,* 295 N.W.2d 316, 319 (N.D.1980)). Here, no "best interests" analysis was conducted, and we therefore have no way to review whether exceptional circumstances existed. The district court was clearly erroneous in its grandparent visitation/custody award and is reversed.

## V

[¶ 18] On remand, the district court will need to make a Rule 63, N.D.R.Civ.P., certification prior to conducting further proceedings or, alternatively, order a new trial. The trial proceedings and hearings surrounding this case were heard by a judge who issued several orders, the final one being a memorandum opinion written in letter form. The case was reassigned following the initial judge's retirement. The successor judge issued both original and amended findings of fact, conclusions of law, orders for judgment, and judgments.

[¶ 19] Rule 63, N.D.R.Civ.P., requires that a successor judge certify he or she is familiar with the record and the case can be completed without prejudice. Additionally, the reasons for a judge's substitution must be stated on the record. *Weigel v. Weigel,* 1999 ND 55, ¶ 8, 591 N.W.2d 123. A successor judge "must read and consider all relevant portions of the record" to certify familiarity. *Id.* at ¶ 9 (citing 12 James Wm. Moore, *Moore's Federal Practice* § 63.04[3] (1998)). A new trial must be held if a successor judge lacks confidence in the record to resolve the case fairly and intelligently. *Weigel,* at ¶ 9.

[¶ 20] We reach no conclusion here whether the successor judge had familiarized himself with the record such that he could have or should have made a Rule 63 certification, nor do we hold that this case was appropriate for Rule 63 certification rather than a new trial. We instead note the lack of such a certification in these proceedings and call for the district court to determine the appropriate course of action on remand.

[¶ 21] We therefore reverse the judgment of the district court regarding custody, grandparent visitation or custody, and support, and remand for proceedings consistent with this opinion.

[¶ 22] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.