2015 ND 16

**Nicholas R. LAW, Plaintiff and Appellant**

v.

**Danielle WHITTET, a/k/a Danielle Whittet–Shear, Defendant**

**and**

**State of North Dakota, Statutory Real Party in Interest.**

No. 20140268.

Supreme Court of North Dakota.

Jan. 22, 2015.

Daniel James Nagle, Mandan, ND, for plaintiff and appellant.

Danielle Whittet, defendant; no appearance.

CROTHERS, Justice.

[¶ 1] Nicholas R. Law appeals from a district court amended judgment awarding Danielle Whittet parenting time every alternating week and ordering Law to pay child support. We addressed this case in *Law v. Whittet*, 2014 ND 69, 844 N.W.2d 885 (concluding the district court's judgment was clearly erroneous and remanding with instructions to grant Law primary residential responsibility of the minor child and to consider limited parenting time for Whittet). Law argues the district court violated the mandate rule by not following the pronouncements of the North Dakota Supreme Court and erred by not granting primary residential responsibility to Law. The judgment is reversed and remanded for proceedings consistent with *Law v. Whittet*, 2014 ND 69, 844 N.W.2d 885.

I

[¶ 2] Law and Whittet began a relationship in December 2010, but never married. Their child was born in November 2011. Law brought an action seeking primary residential responsibility for the child. Following trial, the district court issued findings of fact addressing the best interest factors. The court ordered the parties equal residential responsibility for the child, each having the child on alternating weeks with exchanges taking place on Sunday. After the district court issued its memorandum order, but before entry of judgment, Law moved to supplement the record and amend the findings of fact. A hearing on the motion was held, and Law presented evidence that, after the trial and entry of the memorandum order, Whittet had been arrested for and pled guilty to disorderly conduct and preventing arrest and that Whittet was under the influence of some substance at the time of the incident. The district court denied the motion to amend the findings of fact based upon

the new evidence and entered a judgment awarding equal residential responsibility.

[¶ 3] Law appealed, arguing the district court's findings of fact on the best interest factors were clearly erroneous and the court erred in denying his motion to amend the findings of fact based upon the supplemented record. We reversed, concluding the district court's judgment was clearly erroneous and remanded with instructions to grant Law primary residential responsibility of the minor child and to consider limited parenting time for Whittet. *Law*, 2014 ND 69, 844 N.W.2d 885. On remand, the district court issued an order for amended judgment, awarding each parent parenting time with the child on alternating weeks with exchanges taking place on Sunday and ordering Law to pay child support of $542 and Whittet to pay child support of $179 each month. Law appeals.

II

[¶ 4] "An award of [primary residential responsibility] is a finding of fact which this Court will not disturb unless it is clearly erroneous." *McAllister v. McAllister*, 2010 ND 40, ¶ 13, 779 N.W.2d 652 (citations omitted). "Under N.D.R.Civ.P. 52(a), a finding of fact is clearly erroneous only if it is induced by an erroneous view of the law or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made." *McAllister*, at ¶ 13 (citations omitted).

III

[¶ 5] Law argues the district court violated the mandate rule by not following the pronouncement of this Court. "On remand, district courts must follow the mandate rule." *Walstad v. Walstad*, 2013 ND 176, ¶ 9, 837 N.W.2d 911. "The

mandate rule ... requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms." *Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 16, 821 N.W.2d 760 (citation and quotation marks omitted). "We retain the authority to decide whether the district court fully carried out our mandate's terms." *Investors Title Ins. Co. v. Herzig*, 2013 ND 13, ¶ 10, 826 N.W.2d 310.

[¶ 6] In reviewing the district court's original order granting joint residential responsibility, this Court held:

> "On the basis of our review of the entire record in this case, we conclude the district court's finding that an award of joint residential responsibility is in the child's best interest is clearly erroneous. Accordingly, we reverse the judgment and remand for entry of judgment awarding primary residential responsibility to Law. We further direct that the district court on remand set an appropriate parenting time schedule and recalculate child support in light of the change in primary residential responsibility. In determining a parenting time schedule for Whittet, the court must bear in mind the presumption that any domestic violence, even if not directed at the child, negatively affects the best interests of the child. Accordingly, the court should consider limited parenting time for Whittet."

*Law*, 2014 ND 69, ¶ 23, 844 N.W.2d 885 (internal citations omitted).

[¶ 7] On remand, the district court awarded Law "primary residential responsibility of the minor child and [he] shall be responsible for the day-to-day care of the child subject to reasonable parenting time for [Whittet] as set forth." However, the district court found Whittet "is entitled to regular parenting time consisting of one week every other week. Each parenting week will begin at 4:00 p.m. (CT) on Sunday and end at 4:00 p.m. (CT) on the following Sunday." The court also ordered Law to pay child support of $542 each month and Whittet to pay child support of $179 each month until the minor child begins school.

[¶ 8] " 'Primary residential responsibility' means a parent with *more than fifty percent of the residential responsibility.*" N.D.C.C. § 14–09–00.1(6) (emphasis added). " 'Parent with primary residential responsibility' means a parent who acts as the primary caregiver on a regular basis for a *proportion of time greater than the obligor*, regardless of descriptions such as 'shared' or 'joint' parental rights and responsibilities given in relevant judgments, decrees, or orders." N.D. Admin. Code § 75–02–04.1–01(9) (emphasis added). By definition, Law does not have primary residential responsibility of the child because the amended judgment awarding Whittet parenting time every alternating week gives Whittet fifty percent of the residential responsibility. Moreover, Whittet's parenting time award has not changed since the district court ordered equal parenting time. The district court's amended judgment does not follow this Court's mandate because the district court failed to award Law primary residential responsibility.

[¶ 9] The district court also failed to follow the mandate by not recalculating child support in light of the change in primary residential responsibility. The district court's original order stated, "Nicholas shall pay child support in the amount of $527.00 each month and Danielle shall pay child support in the amount of $199.00 each month." The district court's amended judgment provides, "Until the minor child begins school, Nicholas shall pay child support in the amount of $542.00 each month, and Danielle shall pay

child support in the amount of $179.00 each month. The lesser child support obligation shall be subtracted from the greater, and the difference is the amount owed by the party with the greater obligation."

[¶ 10] "[C]alculations of child support obligations ... consider and assume that one parent acts as a primary caregiver and the other parent contributes a payment of child support to the child's care." N.D. Admin. Code § 75–02–04.1–02(1). Under N.D. Admin. Code § 75–02–04.1–08.2:

> "A child support obligation must be determined as described in this section in all cases in which a court orders each parent to have *equal residential responsibility* for their child or children. Equal residential responsibility means each parent has residential responsibility for the child, or if there are multiple children, all of the children, *for an equal amount of time* as determined by the court. A child support obligation for each parent must be calculated under this chapter, and specifically ordered, *assuming the other parent has primary residential responsibility* for the child or children subject to the equal residential responsibility order. The lesser obligation is then subtracted from the greater. The difference is the child support amount owed by the parent with the greater obligation."

(Emphasis added.) In contrast, in determining split custody or primary residential responsibility:

> "A child support obligation must be determined and specifically ordered for the child or children *for whom each parent has primary residential responsibility* pursuant to a court order or, if there is no court order, for whom each parent has primary physical custody. The lesser obligation is then subtracted from the greater."

N.D. Admin. Code. § 75–02–04.1–03 (emphasis added). The district court calcula-

tions of child support were calculated under N.D. Admin.Code. § 75–02–04.1–03, considering split residential responsibility. The child support was not calculated in proper consideration of the primary residential responsibility award to Law. The district court did not carry out the terms of this Court's mandate.

## IV

[¶ 11] Law argues the district court erred in not granting primary residential responsibility to him. We already concluded the district court's award of joint residential responsibility is clearly erroneous. *See Law*, 2014 ND 69, ¶ 23, 844 N.W.2d 885. Although, on remand, the district court granted what is called "primary residential responsibility" to Law, the district court actually continued joint residential responsibility by awarding Whittet regular parenting time consisting of one week every other week and ordering Law to pay child support. Based upon the holding in *Law v. Whittet*, 2014 ND 69, 844 N.W.2d 885, the district court's award of joint residential responsibility is clearly erroneous.

## V

[¶ 12] The judgment is reversed and remanded for proceedings consistent with *Law v. Whittet*, 2014 ND 69, 844 N.W.2d 885. A change of judge is ordered upon remand because of Judge Feland's inability or unwillingness to follow our mandate, and out of concern for the tumult from and cost of litigation. "On remand, the district court will need to make a Rule 63, N.D.R.Civ.P., certification prior to conducting further proceedings or, alternatively, order a new trial." *Clark v. Clark*, 2005 ND 176, ¶ 18, 704 N.W.2d 847. Rule 63, N.D.R.Civ.P., requires:

> "If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed

without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness."

[¶ 13] We reverse and remand the district court's amended judgment for proceedings consistent with our holding in *Law v. Whittet*, 2014 ND 69, 844 N.W.2d 885.

[¶ 14] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., and PAUL W. JACOBSON, D.J., concur.

[¶ 15] The Honorable PAUL W. JACOBSON, D.J., sitting in place of McEVERS, J., disqualified.