2017 ND 67

**William Scott GAGNON, Plaintiff and Appellant**

v.

**Tara Rose GAGNON, Defendant and Appellee**

**No. 20160239**

Supreme Court of North Dakota.

Filed 03/30/2017

Denise C. Hays–Johnson, 1111 31st Avenue, S.W., Suite C, Minot, N.D. 58701, for plaintiff and appellant.

Virginia A. Martin–Hansen, 20 First Street S.W., Suite 201, Minot, N.D. 58701, for defendant and appellee.

Crothers, Justice.

[¶ 1] William Gagnon appeals a district court judgment awarding Tara Lara primary residential responsibility of the parties' three children. We affirm, concluding Gagnon failed to overcome the presumption that he not be awarded primary residential responsibility due to domestic violence.

## I

[¶ 2] Gagnon and Lara married in 2011 and have three children. After separating in 2014 Gagnon sued for divorce and each party sought primary residential responsibility of the children. The district court entered a partial judgment in August 2015 granting the parties a divorce and an interim order granting Gagnon primary residential responsibility of the children. The court reserved the issue of permanent primary residential responsibility to allow Lara an opportunity to obtain counsel.

[¶ 3] After a March 2016 hearing the district court awarded primary residential responsibility to Lara. The court found it was in the children's best interests to live with Lara and have more exposure to their Native American culture. The court also found Gagnon committed domestic violence against Lara and he failed to clearly show the children's best interests required him to have primary residential responsibility.

## II

[¶ 4] A district court's award of primary residential responsibility is a finding of fact that we will not set aside unless it is clearly erroneous. Law v. Whittet, 2015 ND 16, ¶ 4, 858 N.W.2d 636. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it or after reviewing the entire record we are left with a definite and firm conviction a mistake has been made. Adams v. Adams, 2016 ND 169, ¶ 6, 883 N.W.2d 864. A court's award of primary residential responsibility must be made in light of the child's best interests, considering the relevant best interest factors under N.D.C.C. § 14–09–06.2(1). Schweitzer v. Mattingley, 2016 ND 231, ¶ 22, 887 N.W.2d 541.

[¶ 5] Factor (j) of the best interest factors governs domestic violence:

"In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility."

N.D.C.C. § 14–09–06.2(1)(j). When credible evidence of domestic violence exists, it is the predominate factor in primary residential responsibility decisions under N.D.C.C. § 14–09–06.2(1). Datz v. Dosch, 2013 ND 148, ¶ 18, 836 N.W.2d 598; Gietzen v. Gabel, 2006 ND 153, ¶ 9, 718 N.W.2d 552; Engh v. Jensen, 547 N.W.2d 922, 924 (N.D.1996) ("We have interpreted the [statute] . . . to make domestic violence the paramount factor to consider in a custody decision.").

[¶ 6] Here, the district court found the parties' relationship involved physical violence and each party admitted to engaging in "physical combat with one another." The court found Gagnon pled guilty to committing domestic violence against Lara in 2013. The court found that after the 2013 incident Lara left the marital home for approximately one month but returned in order to attempt reconciliation. The court found that following the parties' attempted reconciliation, Lara permanently moved from the marital home in October 2014 due to Gagnon's violence:

"The Court is satisfied that there is competent and credible evidence that there has been a pattern of domestic violence during the parties' relationship, resulting in the parties' separation on at least two occasions (2013 and 2014), that Billy was the aggressor in perpetrating domestic violence against Tara which resulted in serious bodily injury (ie: Tara's broken ribs), that said event was within a time proximate to these proceedings, that the domestic violence was a catalyst to Tara vacating the marital home and that said evidence is sufficient to trigger the presumption that Billy may not be awarded primary residential responsibility of the minor children."

[¶ 7] This Court has discussed the evolution and legislative history of the consideration of domestic violence in a primary residential responsibility decision. Gietzen, 2006 ND 153, ¶¶ 10–14, 718 N.W.2d 552. Under the policy created by the legislature, if the district court finds credible evidence that domestic violence has occurred within a reasonable time proximate to the proceeding, a rebuttable presumption arises that a parent who has committed domestic violence may not be awarded primary residential responsibility and the "presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility." N.D.C.C. § 14–09–06.2(1)(j); Gietzen, at ¶ 13. The rebuttable presumption outweighs other best interest factors and prevents the abusive parent from obtaining primary residential responsibility unless the violent parent clearly and convincingly proves the child's best interests require that the perpetrator receive residential responsibility. Engh, 547 N.W.2d at 924. "The practical effect of [this Court's] interpretation of the statute is that the perpetrator of domestic violence cannot be awarded custody of a child unless the other parent is found to be an unfit parent." Id. (quoting Krank v. Krank, 529 N.W.2d 844, 848 (N.D.1995)).

[¶ 8] Gagnon did not challenge the district court's domestic violence finding. Rather, he argued the children's stability while in his care since the interim order overcomes the presumption against him being awarded primary residential responsibility. Gagnon also argued Lara did not show she could provide a safe environment for the children.

[¶ 9] The district court found factor (d), relating to the stability of each parent's home environment and the desirability of maintaining continuity in the children's home and community, slightly favored Gagnon. The court found the evidence showed Gagnon's home environment had been the more stable environment since the parties' separation. The court also found the children spend a considerable amount of time with Gagnon's parents and have a positive relationship with them. The court found Lara lived with friends and family since she left the marital home, but had recently been approved for permanent housing.

[¶ 10] Factor (b) is "[t]he ability of each parent to assure that the child receives adequate food, clothing, shelter, medical

care, and a safe environment." N.D.C.C. § 14–09–06.2(1)(b). The district court found this factor favored neither party. The court found that although Lara struggled to find permanent housing, she had recently been approved to lease a new single family housing unit in Parshall. The court also found Lara has primary residential responsibility of two children from another relationship and has no concerns about her ability to meet the children's daily needs if she were awarded primary residential responsibility.

[¶ 11] To overcome the domestic violence presumption Gagnon must clearly and convincingly demonstrate the children's best interests require that he have primary residential responsibility. N.D.C.C. § 14–09–06.2(1)(j). The district court addressed each best interest factor, finding eight factors favored neither party or were not applicable, four factors favored Lara and one factor slightly favored Gagnon. The court also found Gagnon "has provided no evidence whatsoever to support that the best interests of the children require that he have primary residential responsibility, thereby overcoming the presumption against him." In other words, the court did not find Lara to be an unfit parent. See Engh, 547 N.W.2d at 924. Gagnon's prevailing on one factor does not require that he be awarded primary residential responsibility. In light of the domestic violence factor's paramount nature and the difficult burden Gagnon has to overcome, the district court did not clearly err in awarding Lara primary residential responsibility. We are not left with a definite and firm conviction a mistake has been made.

### III

[¶ 12] We have considered Gagnon's remaining arguments and conclude they are either unnecessary to our decision or without merit. We affirm the judgment.

[¶ 13] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.