# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 30

Daniel Lee Friesner,                                      Plaintiff and Appellant

v.

Angelina Treloar Friesner,                                Defendant and Appellee

and

State of North Dakota,                         Statutory Real Party in Interest

No. 20180094

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Norman G. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Patti J. Jensen, East Grand Forks, Minnesota, for plaintiff and appellant.

Jeff A. Bredahl (argued) and Nicole L. Bredahl (appeared), Fargo, North Dakota, for defendant and appellee.

**Tufte, Justice.**

[¶1]     Daniel Friesner appeals a district court divorce judgment awarding Angelina Friesner marital property, primary residential responsibility of the parties' minor children, spousal support, and attorney's fees.  We affirm.

I

[¶2]     Daniel and Angelina Friesner were married in 1997.  They have two teenage children, J.F. and H.F.  Daniel Friesner is a college professor earning $152,325 annually.  Angelina Friesner has not been employed since 2006.  In 2014, as a result of her diagnoses of fibromyalgia and mixed connective tissue disease, Angelina Friesner was adjudged as disabled since September 2006.  Before leaving the workplace, she worked as a pharmacist.  In 2016 she received $21,682.80 in disability benefits.

[¶3]     Daniel Friesner sued for divorce in February 2017.  The district court entered a temporary order in April 2017 relating to primary residential responsibility of the children, child support, and spousal support.  Under the temporary order, the parties shared primary residential responsibility of the children, Daniel Friesner paid $1,792 per month in child support, and Daniel Friesner paid the mortgage on the parties' home in lieu of spousal support.

[¶4]     After a two-day trial in July 2017 and subsequent hearing relating to property division and child support, the district court entered a judgment in February 2018. The court awarded Daniel Friesner marital property valued at $370,627, and $13,000 in debt.  The court awarded Angelina Friesner $480,534 in marital property, and debt of $128,358.  At the conclusion of trial, the court awarded Angelina Friesner primary residential responsibility of the children, and under the judgment, Daniel Friesner was ordered to pay $2,525 per month in child support effective as of August 2017.  The

court awarded Angelina Friesner spousal support of $2,000 per month, increasing to $2,500 in 2020 when J.F. graduates. The court also awarded Angelina Friesner $5,000 in attorney's fees.

II

[¶5]    Daniel Friesner argues the district court erred in awarding Angelina Friesner primary residential responsibility of H.F. He does not challenge the court's findings relating to J.F.

[¶6]    A district court's award of primary residential responsibility is a finding of fact reviewed by this Court under the clearly erroneous standard of review. *Schweitzer v. Mattingley*, 2016 ND 231, ¶ 22, 887 N.W.2d 541. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Innis-Smith v. Smith*, 2018 ND 34, ¶ 7, 905 N.W.2d 914. A court's choice for primary residential responsibility between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the district court when its decision is supported by the evidence. *Thompson v. Thompson*, 2018 ND 21, ¶ 8, 905 N.W.2d 772. A court must award primary residential responsibility in light of the child's best interests, considering all the relevant best interest factors under N.D.C.C. § 14-09-06.2(1):

    a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.

    b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.

    c. The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

    d. The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.

    e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

f. The moral fitness of the parents, as that fitness impacts the child.

g. The mental and physical health of the parents, as that health impacts the child.

h. The home, school, and community records of the child and the potential effect of any change.

i. If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child. The court also shall give due consideration to other factors that may have affected the child's preference, including whether the child's preference was based on undesirable or improper influences.

j. Evidence of domestic violence. . . .

k. The interaction and inter-relationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

Here, the district court considered each of the best interest factors under N.D.C.C. § 14-09-06.2(1) and found three factors heavily favored Angelina Friesner and one factor favored Daniel Friesner.

[¶7] Daniel Friesner argues Angelina Friesner engaged in parental interference. He claims her actions during the divorce negatively influenced the children. The district court addressed Angelina Friesner's conduct toward Daniel Friesner in its discussion of factor (e), the willingness and ability of each parent to encourage a continuing relationship between the children and the other parent. The court found that after Daniel Friesner moved out of the marital home, Angelina Friesner spoke negatively of Daniel to the children, but "[i]t seems she has gotten past the worst of it, and is now making an honest effort to encourage the children to have a close and continuing relationship with their father." The court found factor (e) favored Daniel Friesner.

3

[¶8]    The district court also discussed factor (i), relating to the preference of a mature child:

> Both J.D.F. and H.B.F. were interviewed separately in chambers. Both unequivocally stated they wanted to live with their Mom. Daniel has suggested Angelina improperly influenced the children in deciding they wanted to live with her. Angelina admitted she spoke negatively of Daniel soon after he moved out, but has not done so since then. . . . It was immediately apparent in talking with J.D.F. in chambers that he drew his own conclusions about his Dad, quite apart from anything his Mom may have said. Both J.D.F. and H.B.F. are intelligent and independent. Both demonstrated an ability to think for themselves. Both gave legitimate reasons for wanting to live with their Mom.
>
> The Court finds by clear and convincing evidence that the children are of sufficient age and maturity to make a sound judgment about who they want to live with, and the Court has given substantial weight to their preferences.

[¶9]    The district court found H.F. was of sufficient age and maturity to make a sound judgment about her preference to live with her mother. At the conclusion of trial, the court stated, "I think both children were telling the truth to the best of their ability." The court also stated, "When [H.F.] expressed her feelings about what her preferences were, I believe that they were her preferences and not somebody else telling her what she should say." Daniel Friesner argues the court should not have given substantial weight to the children's testimony. However, under the clearly erroneous standard, this Court will not retry a primary residential responsibility case or reassess a witness's credibility. *Thompson*, 2018 ND 21, ¶ 7, 905 N.W.2d 772.

[¶10]   A parenting investigator recommended awarding Daniel Friesner primary residential responsibility of H.F. The district court has discretion to decide what weight to assign to the parenting investigator's conclusions. *Marsden v. Koop*, 2010 ND 196, ¶ 8, 789 N.W.2d 531. The court should consider a parenting investigator's report, but the court must come to its own conclusion. *Id.* at ¶ 13.

[¶11]   The district court did not address the parenting investigator's report in its written order or judgment. However, the court acknowledged it read the report at the conclusion of the investigator's trial testimony. The court thanked the parenting

4

investigator for her hard work and acknowledged "[this was] a hard case," a statement with which the investigator agreed. The court came to its own decision that differed from the parenting investigator's recommendation. We conclude the court's findings relating to primary residential responsibility have support in the record, and its decision to award Angelina Friesner primary residential responsibility of H.F. was not clearly erroneous. We are not left with a definite and firm conviction a mistake has been made.

III

[¶12] Daniel Friesner argues the district court erred in awarding Angelina Friesner spousal support.

[¶13] After consideration of the parties' circumstances, a district court "may require one party to pay spousal support to the other party." N.D.C.C. § 14-05-24.1. A district court's award of spousal support is a finding of fact and will not be disturbed on appeal unless clearly erroneous. *Innis-Smith*, 2018 ND 34, ¶ 21, 905 N.W.2d 914. In deciding whether to award spousal support, a court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the supporting spouse's needs and ability to pay. *Innis-Smith*, at ¶ 21. Under the *Ruff-Fischer* guidelines, the court considers:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Innis-Smith*, at ¶ 8 (quoting *Lewis v. Smart*, 2017 ND 214, ¶ 10, 900 N.W.2d 812).

[¶14] Non-rehabilitative spousal support may be appropriate when there is a substantial disparity in incomes that cannot be remedied by property division or rehabilitative support. *Stephenson v. Stephenson*, 2011 ND 57, ¶ 27, 795 N.W.2d 357. Additionally, non-rehabilitative spousal support may be necessary to maintain

5

a spouse who cannot be adequately retrained to independent economic status. *Innis-Smith*, 2018 ND 34, ¶ 22, 905 N.W.2d 914.

[¶15] The district court awarded Angelina Friesner non-rehabilitative spousal support of $2,000 per month, increasing to $2,500 per month in 2020. The court found Daniel Friesner plans to continue working at NDSU at a yearly salary in excess of $150,000. The court found there was no indication his income would decrease. The court found Angelina Friesner's disability prevented her from obtaining meaningful employment. Angelina Friesner submitted an exhibit showing she has monthly expenses of $7,581. Her disability income is not enough to satisfy those expenses. The court stated, "This amount of spousal support allows both Daniel and Angelina to come reasonably close to covering their projected expenses."

[¶16] The district court awarded Angelina Friesner spousal support after considering the *Ruff-Fischer* guidelines, Daniel Friesner's ability to pay, and Angelina Friesner's income, expenses, and needs. On the basis of the court's findings and our review of the record, we cannot conclude the court clearly erred in awarding Angelina Friesner spousal support. The evidence supports the court's findings, and we are not left with a definite and firm conviction a mistake has been made.

IV

[¶17] Daniel Friesner argues the district court's judgment erroneously established retroactive child support and spousal support obligations in conflict with the temporary order. We disagree.

[¶18] Under the April 2017 temporary order, the parties shared primary residential responsibility, and Daniel Friesner paid $1,792 in monthly child support. Daniel Friesner also paid the parties' mortgage in lieu of spousal support. The February 2018 judgment established Daniel Friesner's child support obligation as of August 2017. The court chose that date because it awarded Angelina Friesner primary residential responsibility of the children at the conclusion of trial. The judgment also required Angelina Friesner to pay the mortgage and Daniel Friesner to pay spousal support.

6

Daniel Friesner's spousal support obligation is not retroactive under the judgment. The court's temporary order and judgment do not conflict.

V

[¶19]   Daniel Friesner argues the district court erred in awarding Angelina Friesner $5,000 in attorney's fees.

[¶20]   Under N.D.C.C. § 14-05-23, a district court has broad discretion to award attorney's fees in a divorce action. *Lewis*, 2017 ND 214, ¶ 32, 900 N.W.2d 812.  In awarding attorney's fees under N.D.C.C. § 14-05-23, a court must consider one spouse's needs and the other spouse's ability to pay. *Lewis*, at ¶ 32.  A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* at ¶ 9.

[¶21]   Here, the district court did not make specific findings on attorney's fees, but stated:  "Given the disparity between Daniel's and Angelina's income, Daniel shall pay $5,000 to Angelina in attorney fees."   Angelina Friesner testified she paid $10,000 in attorney's fees and had an outstanding bill of $5,000.

[¶22]   In *Christian v. Christian*, 2007 ND 196, ¶ 18, 742 N.W.2d 819, we stated:

> Although the district court mentioned only that [husband] initiated the divorce action and [wife] did not unreasonably delay the proceedings, these comments are contained in a single paragraph at the end of a seven-page opinion.  The remainder of the court's decision contains numerous findings relating to the disparity in the parties' earning capacities, [husband's] ability to pay, and [wife's] needs and lessened ability to pay.  The district court's failure to restate these findings in its paragraph addressing attorney fees does not render the attorney fee ruling an abuse of discretion.

Similarly, here, the court made specific findings on the parties' income disparities, Angelina Friesner's needs, and Daniel Friesner's ability to pay.  The court's award of attorney's fees to Angelina Friesner was not an abuse of discretion.

VI

7

[¶23] We have considered Daniel Friesner's remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is affirmed.

[¶24] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Gerald W. VandeWalle, C.J.
Stacy J. Louser, D.J.

[¶25] The Honorable Stacy J. Louser, D.J., sitting in place of McEvers, J., disqualified.