**Filed 4/11/19 by Clerk of Supreme Court**

# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 109

Jay Douglas Rhodenbaugh,                                     Plaintiff and Appellee

v.

Ashley Lee Rhodenbaugh,                                     Defendant and Appellant

No. 20180040

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jerilynn B. Adams, Fargo, N.D., for plaintiff and appellee.

Kristin A. Overboe, Fargo, N.D., for defendant and appellant.

**Rhodenbaugh v. Rhodenbaugh**

**No. 20180040**

**Tufte, Justice.**

[¶1]    Ashley Rhodenbaugh appeals from certain district court orders and a divorce judgment. We affirm.

I

[¶2]    Ashley and Jay Rhodenbaugh were married in 2010 and have two minor children together. During the marriage, Jay Rhodenbaugh farmed, and Ashley Rhodenbaugh stayed at home and cared for the children. In May 2016, Jay Rhodenbaugh commenced this divorce action and the parties separated.

[¶3]    In October 2016, the district court issued an interim order granting the parties joint decision-making responsibilities for the children, awarding Ashley Rhodenbaugh primary residential responsibility and Jay Rhodenbaugh unsupervised parenting time. At the time of the interim order, she was living in the marital home with the minor children, and he was living in a home he rented from his sister. Effective in December 2016, the court ordered Jay Rhodenbaugh to pay her interim child support of $1,159 per month and spousal support of $500 per month. The court also ordered him to pay certain additional household expenses until his support obligations commenced in December 2016, and thereafter the parties were responsible for their own household expenses and Ashley Rhodenbaugh was to be responsible for their minor children's expenses. In October 2016, the court entered an order denying her request to waive filing fees.

[¶4]    In March 2017, Jay Rhodenbaugh moved the district court to compel discovery, to amend the interim order, and to hold Ashley Rhodenbaugh in contempt for violations of the interim order, including her failure to maintain the marital home. She responded and made a counter-motion. In April 2017, the court entered an order finding her in contempt, terminating her interim spousal support under the October

2016 order, compelling discovery, and requiring her to obtain court permission for further filings until she paid the filing fee for her answer.

[¶5] Before trial, the parties stipulated on primary residential responsibility and parenting time. The district court held a trial in July 2017 on remaining issues, including child support, spousal support, and property and debt distribution. In September 2017, the court issued a memorandum opinion, and in October 2017, Ashley Rhodenbaugh moved the court to reopen the record and for various other relief. In November 2017, the court denied her motion and awarded Jay Rhodenbaugh $1,000 in attorney's fees to be deducted from a cash payment he was to make to her. A final judgment was entered in November 2017, granting the parties joint decision-making responsibilities for the parties' children, awarding Ashley Rhodenbaugh primary residential responsibility for the children, granting Jay Rhodenbaugh parenting time, ordering him to pay her child support of $1,245 per month beginning in December 2017, denying her request for spousal support, and dividing the parties' marital property and debts.

## II

[¶6] Although a final divorce judgment has been entered, Ashley Rhodenbaugh raises several issues concerning the district court's interim or interlocutory orders. We have said that "[g]enerally, interlocutory orders in an action are merged into the final judgment and may be reviewed on appeal of that judgment." *Tibbetts v. Dornheim*, 2004 ND 129, ¶ 11, 681 N.W.2d 798. Under N.D.R.App.P. 35(a)(2), "[u]pon an appeal from a judgment, the court may review any intermediate order or ruling which involves the merits and affects the judgment appearing upon the record."

## A

[¶7] Ashley Rhodenbaugh argues the district court's interim order for parenting time improperly applied the statutory presumption for evaluating domestic violence under N.D.C.C. §§ 14-09-29(2) and 14-09-06.2(1)(j), which, respectively, require supervised parenting time and create a rebuttable presumption.

[¶8] As relevant to her argument, N.D.C.C. § 14-09-29(2) provides:

2

If the court finds that a parent has perpetrated domestic violence and that parent does not have residential responsibility, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, the court *shall allow only supervised parenting time* with that parent *unless* there is a showing by *clear and convincing evidence* that unsupervised parenting time would not endanger the child's physical or emotional health.

(Emphasis added.) Further, N.D.C.C. § 14-09-06.2(1)(j) of the best-interest factors, states in part:

In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a *rebuttable presumption* that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by *clear and convincing evidence* that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence.

(Emphasis added.)

[¶9] Before entry of the October 2016 interim order, Ashley Rhodenbaugh requested Jay Rhodenbaugh's parenting time with the minor children be supervised because of domestic violence resulting in serious bodily injury. After the interim hearing, the court found it was in the children's best interests for Ashley Rhodenbaugh to have interim primary residential responsibility subject to Jay Rhodenbaugh's reasonable unsupervised parenting time. The court determined that a parenting time restriction "must be based on a preponderance of the evidence" with "a detailed demonstration of the physical or emotional harm to the children likely to result from said parenting time" and that Ashley Rhodenbaugh had not met "this burden." The court further found clear and convincing evidence showed Jay

3

Rhodenbaugh's unsupervised parenting time would not result in emotional or physical harm to the children.

[¶10] Ashley Rhodenbaugh argues on appeal that the district court erred in its interim order by placing the burden of proof on her after the statutory presumption was raised. She contends Jay Rhodenbaugh should have had the burden and asserts the court abused its discretion when it found clear and convincing evidence that parenting time would not result in harm to the children. She further asserts "multiple issues" have arisen since the interim order.

[¶11] It is undisputed the parties stipulated before trial to granting Ashley Rhodenbaugh primary residential responsibility for the children with Jay Rhodenbaugh receiving unsupervised parenting time. The final judgment therefore supersedes the interim order's parenting provisions, which are by nature temporary. To the extent Ashley Rhodenbaugh now argues the court erred in applying the domestic violence presumption in the interim order, she waived her argument when she stipulated to the residential responsibility and parenting time arrangement contained in the judgment. *See In re J.S.*, 2008 ND 9, ¶ 13, 743 N.W.2d 808 (stating our review on appeal is "limited to issues litigated below and the arguments presented upon appeal"). Moreover, she has not provided any basis on appeal to set aside the stipulation to the parenting time provisions.

[¶12] Because the parties stipulated to the primary residential responsibility and parenting time provisions in the divorce judgment, we conclude any claimed error in applying the domestic violence presumption in the interim order was waived.

B

[¶13] Ashley Rhodenbaugh argues the district court abused its discretion in allocating expenses and granting spousal support under the interim order.

[¶14] Generally, after considering the parties' circumstances, a district court "may require one party to pay spousal support to the other party." N.D.C.C. § 14-05-24.1. The court's spousal support award is a finding of fact and will not be disturbed on appeal unless clearly erroneous. *Friesner v. Friesner*, 2019 ND 30, ¶ 13, 921 N.W.2d

4

898. "In deciding whether to award spousal support, a court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the supporting spouse's needs and ability to pay." *Id.* Under the *Ruff-Fischer* guidelines, the court considers:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Friesner*, at ¶ 13 (quoting *Innis-Smith v. Smith*, 2018 ND 34, ¶ 8, 905 N.W.2d 914). "Rehabilitative spousal support is awarded to equalize the burdens of divorce" or to restore a spouse to independent status by providing the spouse "an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Williams v. Williams*, 2015 ND 129, ¶ 10, 863 N.W.2d 508 (citation omitted).

[¶15] In the interim order, the district court ordered child support of $1,159 per month and rehabilitative spousal support of $500 per month, beginning in December 2016. While Ashley Rhodenbaugh and the children were allowed to remain in the marital home, she asserts they were financially dependent on Jay Rhodenbaugh and contends the court erroneously allocated the bulk of the parties' expenses to her in the interim order, including all expenses associated with the marital home and child care. She contends the court erred in its consideration of the *Ruff-Fischer* guidelines and her earning ability. She argues the court's award of $500 per month for rehabilitative spousal support did not equalize the burdens. She further argues she is entitled to spousal support because it is essential she continues to maintain a stable home for the children and ensures their needs are met. She contends the court did not make sufficient findings to explain its decision to award spousal support of $500 per month and did not consider Jay Rhodenbaugh's conduct in placing the family in this position.

5

[¶16] Ashley Rhodenbaugh additionally argues the district court erred by failing to award back child support during the interim period and in delaying child support for two months. "A district court's decision whether to award past child support is discretionary and will not be overturned unless the court abuses its discretion." *Rebel v. Rebel*, 2013 ND 116, ¶ 20, 833 N.W.2d 442. While she requested child support back to the date of their separation, the October 2016 interim order did not require child support to begin until December 2016. She argues the court erred in its award, setting her up for failure.

[¶17] Jay Rhodenbaugh responds that the district court did not err in allocating expenses, in granting spousal support, or in failing to award back child support or delaying child support in its interim order. He reiterates that an interim order is not a final judgment and was subject to revision anytime before entry of judgment. He asserts the judgment addressed any deficiencies in the interim order and the court did not err in its interim order on the financial issues. He argues she has not established that the court's order was clearly erroneous and sufficient evidence in the record supports the court's determination of the financial issues during the interim period.

[¶18] While Ashley Rhodenbaugh challenges the district court's interim order, the court's findings and conclusions and final divorce judgment sufficiently addressed spousal support and the parties' financial issues. On this record, we conclude the court did not abuse its discretion in setting the child support commencement date and did not clearly err in its findings.

III

[¶19] Ashley Rhodenbaugh argues the district court abused its discretion in denying attorney's fees under N.D.C.C. § 14-09-29(4), which states attorney's fees must be paid by the perpetrator of domestic violence and provides:

> In any proceeding dealing with parental rights and responsibilities in which a parent is found to have perpetrated domestic violence, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, all court costs, attorney's fees, evaluation fees, and

6

expert witness fees must be paid by the perpetrator of the domestic violence unless those costs would place an undue financial hardship on that parent.

[¶20] She contends the district court erred by declining to require Jay Rhodenbaugh to reimburse her attorney's fees and costs because the statute mandates an award of attorney's fees. Jay Rhodenbaugh argues, however, the statute is not mandatory or absolute and relies on *Berg v. Berg*, 2000 ND 36, 606 N.W.2d 895, *recognized as superseded on other grounds*, *Schurmann v. Schurmann*, 2016 ND 69, ¶ 11, 877 N.W.2d 20. In *Berg*, at ¶¶ 25-26, this Court held that while similar language from a prior statute "indicates" the perpetrator of domestic violence should ordinarily be responsible for costs and fees, the legislature had not intended the statute to authorize a "blank check" to the opposing party and that the trial court was authorized to assess costs in a different manner if assessing all costs against the perpetrator would result in "undue financial hardship." Jay Rhodenbaugh asserts the record shows no attorney's fees were awarded because of undue financial hardship and Ashley Rhodenbaugh's conduct in unreasonably increasing litigation expenses.

[¶21] On this record, we conclude Ashley Rhodenbaugh failed to establish the district court erred in not awarding attorney's fees under N.D.C.C. § 14-09-29(4).

IV

[¶22] Ashley Rhodenbaugh argues the district court erred in denying her petition for waiver of filing fees. While she acknowledges the court's decision is discretionary, she contends the decision was without any reason and she had no significant amount of money or assets available to her. Jay Rhodenbaugh responds that under N.D.C.C. § 27-01-07, she did not show the court abused its discretion. *See Wilson v. Koppy*, 2002 ND 179, ¶¶ 9-10, 653 N.W.2d 68 (reviewing denial of waiver of filing fee under abuse of discretion).

[¶23] Here, the district court had sufficient information on Ashley Rhodenbaugh's financial circumstances based on the affidavits and testimony at the interim hearing, and in denying her petition the court acted in a reasonable manner, rather than

arbitrarily. We conclude the court did not abuse its discretion in refusing to waive her filing fees.

V

[¶24] Ashley Rhodenbaugh argues the district court erred in holding her in contempt and entering sanctions against her without a hearing or consideration of her pleadings. She asserts that in its April 2017 contempt order, the court held her in contempt and terminated her rehabilitative spousal support without a hearing, without an order to show cause, and without consideration of her pleadings and exhibits. She asserts she did not have the ability to comply with the court's interim order and was statutorily entitled to notice and a hearing under N.D.C.C. § 27-10-01.3(1)(a). She asserts that without a hearing the court was without jurisdiction to find her in contempt and to execute any remedial or punitive sanction imposed in the order. She also challenges the court's specific findings in the contempt order and the court's limit on her further filings until she paid her filing fee for her answer.

[¶25] While the district court's initial interim order was interlocutory, we have explained that "[a]n order holding a person in contempt is a final order for purposes of appeal." *Kettle Butte Trucking LLC v. Kelly*, 2018 ND 110, ¶ 8, 910 N.W.2d 882; *see also* N.D.C.C. § 27-10-01.3(3) ("An order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal."). "Before we consider the merits of an appeal, we must have jurisdiction." *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 6, 855 N.W.2d 608. "The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction." *Id.*

[¶26] Under N.D.R.App.P. 4(c), a party appealing a contempt order must file a notice of appeal with the clerk of the supreme court within 60 days after entry of the judgment or order being appealed. *See also* N.D.R.App.P. 4(f) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the district court, the clerk of district court must note on the notice the date when it was received and send it to the

8

clerk of the supreme court. The notice is then considered filed in the supreme court on the date so noted.").

[¶27]   In this case, the district court entered its order finding Ashley Rhodenbaugh in contempt on April 23, 2017. The notice of entry of this order was served and filed on April 26, 2017.  Ashley Rhodenbaugh misfiled her notice of appeal in the district court on January 28, 2018, and it was forwarded to this Court. Her appeal of the district court's April 2017 contempt order was not filed within 60 days of entry of the order. We conclude we do not have jurisdiction to review the contempt order and dismiss her appeal from that order.

VI

[¶28]   Ashley Rhodenbaugh argues the district court erred in refusing to allow more than one day for trial of the remaining issues in this case.

[¶29]   The district court has broad discretion in controlling the time for a hearing or trial. *Mairs v. Mairs*, 2014 ND 132, ¶ 10, 847 N.W.2d 785; *see also Wahl v. N. Improvement Co.*, 2011 ND 146, ¶ 6, 800 N.W.2d 700 ("A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice," and "[i]n exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed." (citations omitted)).

[¶30]   Ashley Rhodenbaugh contends she did not have enough time to present her witnesses and the court abused its discretion in allowing only one day for trial. She concedes, however, that she agreed to primary residential responsibility and the parenting plan with enforcement of Jay Rhodenbaugh's recommended counseling for domestic violence. Jay Rhodenbaugh responds the court set trial in the divorce action for one day in its order for trial, neither party objected, both parties were aware of the court's limit, and the parties divided the trial time equally.

[¶31]   On this record, we conclude Ashley Rhodenbaugh has not clearly established on appeal what evidence she was unable to present at trial or what alleged prejudice

9

she suffered. We conclude the district court did not abuse its discretion in scheduling a one-day trial on the parties' remaining issues.

VII

[¶32] Ashley Rhodenbaugh argues the district court erred in the findings of fact, conclusions of law and order for judgment with regard to the duration of the parties' relationship and by failing to consider the time she and Jay Rhodenbaugh were together prior to the marriage. She relies on *Northrop v. Northrop*, 2001 ND 31, ¶ 12, 622 N.W.2d 219 ("When parties live together and then marry it is appropriate for the court to consider all of [] their time together in dividing the marital property.").

[¶33] As discussed, in determining spousal support, "a court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the supporting spouse's needs and ability to pay." *Friesner*, 2019 ND 30, ¶ 13, 921 N.W.2d 898. "Rehabilitative spousal support is awarded to equalize the burdens of divorce" or to restore a spouse to independent status by providing the spouse "an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Williams*, 2015 ND 129, ¶ 10, 863 N.W.2d 508 (citation omitted). "Property division and spousal support are interrelated and intertwined and often must be considered together." *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 14, 714 N.W.2d 845.

[¶34] Ashley Rhodenbaugh asserts the district court erred in finding the parties had started living together in September or October 2009, after she became pregnant, since undisputed testimony showed they began dating in early 2008 and moved in together in September 2008. She therefore contends the court erred by finding "[t]his is a short to mid-term marriage of six to seven years," because, while the parties were married in July 2010, they had been living together since 2008 and were divorced in September 2017, making it a nine-year relationship. She argues the court erred by failing to consider their time together before the marriage and erred in relying on Jay Rhodenbaugh's testimony at trial regarding her need for support.

[¶35] Here, in refusing to award spousal support and dividing the property, the district court made findings under the *Ruff-Fischer* guidelines and specifically

10

found that Ashley Rhodenbaugh is capable of earning as much or more than Jay Rhodenbaugh. The court stated:

> Both of the parties received their educations prior to the marriage. Ashley worked on and off during the marriage in various positions, but did not give up per se any career advancement in any one of those positions in furtherance of Jay's employment. Jay encouraged Ashley to work outside the home which she resisted because Ashley wanted to be a stay-at-home mom. During the interim hearing, Ashley indicated she was going to move to Fargo to continue to work for the United States Postal Service. For reasons unknown, she did not do so and instead has since taken a couple of different entry-level service positions in Wahpeton. By her own testimony, Ashley excelled in the insurance industry but chooses not to pursue that avenue of employment because she does not like it. Ashley is capable of earning as much or more than Jay.

The court further specifically found both parties are young and have more than thirty years of employment ahead of them, that both are in good physical and behavioral health, that Jay Rhodenbaugh does not have the ability to pay temporary spousal support, that Ashley Rhodenbaugh is underemployed by choice, and that she has not been disadvantaged by the marriage and is not entitled to temporary rehabilitative or permanent spousal support.

[¶36] Our review reflects that evidence in the record supports the district court's findings. We conclude the court's findings of fact are not clearly erroneous.

VIII

[¶37] Ashley Rhodenbaugh argues the district court erred in denying her motion to reopen the record and for other relief.

[¶38] A district court has broad discretion to rule on a motion to reopen the record to introduce additional evidence. *Innis-Smith*, 2018 ND 34, ¶ 13, 905 N.W.2d 914. A court's decision on a motion to reopen will not be disturbed on appeal absent an abuse of discretion. *Id.* A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned decision. *Id.*

11

[¶39]  Here, the district court considered Ashley Rhodenbaugh's motion on the briefs because she had failed to secure and notice a hearing on the motion. The court denied her motion to reopen the record and for other relief, making findings regarding the procedural history, the parties' earlier stipulation, the issues addressed at trial, and how the case was tried. The court found her motion was merely an inappropriate attempt to continue the trial. The court explained its decision and awarded Jay $1,000 in attorney's fees, which the court deducted from her property distribution, because her motion was "inappropriate, unfounded and without merit."

[¶40]  Ashley Rhodenbaugh broadly contends that she had unsuccessfully tried to secure a hearing on her motion and, further, the court's attorney fee award does not comply with N.D.C.C. § 28-26-01(2), because her filings were not frivolous. Jay Rhodenbaugh responds that the court did not abuse its discretion in refusing to reopen the record or grant other relief, correctly pointing out Ashley cites no case law to support her argument and asserting it is difficult to ferret out her argument on this issue. He argues he requested his attorney's fees under N.D.C.C. § 14-05-23, and the court did not abuse its discretion in awarding them.

[¶41]  On this record, we conclude the district court did not abuse its discretion in denying Ashley Rhodenbaugh's motion to reopen the record and for other relief and did not abuse its discretion in awarding Jay Rhodenbaugh $1,000 in attorney's fees.

IX

[¶42]  We have considered Ashley Rhodenbaugh's remaining arguments and conclude they are either unnecessary to our decision or are without merit. The divorce judgment and orders are affirmed.

[¶43]  Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Gerald W. VandeWalle, C.J.

[¶44]  The Honorable Lisa Fair McEvers disqualified herself subsequent to oral argument and did not participate in this decision.