# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 177

Tonia Lyn Lizakowski,                         Plaintiff and Appellee

v.

Adam Jon Lizakowski,                     Defendant and Appellant

and

State of North Dakota,                 Statutory Real Party in Interest

No. 20180298

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

Jennifer E. Albaugh, Fargo, N.D., for plaintiff and appellee.

Kristin A. Overboe, Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]    Adam Lizakowski appeals a district court judgment and post-judgment orders awarding Tonia Lizakowski marital property, primary residential responsibility of the parties' minor children, and attorney's fees.  We conclude the court erroneously excluded property from the marital estate.  We affirm in part, reverse in part, and remand for further proceedings.


I

[¶2]    Adam Lizakowski and Tonia Lizakowski began dating in 2002 and started living together in 2003.  They were married in 2008 and have two children.  Tonia Lizakowski sued for divorce in 2017.  After a three-day bench trial in March 2018, the district court awarded Tonia Lizakowski primary residential responsibility of the children and ordered Adam Lizakowski to pay $1,586 per month in child support.

[¶3]    The district court found the parties had a short-term marriage and awarded Tonia Lizakowski $270,688 in property and Adam Lizakowski $221,073 in property. The court excluded from the marital estate $45,236 resulting from the sale of a home awarded to Tonia Lizakowski in an earlier divorce.  The court found the sale proceeds were a premarital asset of Tonia Lizakowski's.  The court also awarded Tonia Lizakowski $2,500 in attorney's fees.

[¶4]    After trial, Adam Lizakowski filed a motion requesting the district court to amend its findings and judgment.  The court denied the motion, concluding he presented no new evidence and was requesting the court to reweigh the evidence.  The court awarded Tonia Lizakowski $8,050 in attorney's fees for having to respond to the motion.  Adam Lizakowski then moved for an amended order appointing a parenting investigator.  The court denied this motion and awarded Tonia Lizakowski $2,000 in attorney's fees as a sanction against Adam Lizakowski and his attorney.

[¶5]    Adam Lizakowski argues the district court erred in its distribution of marital property.

[¶6]    A district court's distribution of the marital estate is a finding of fact that will not be overturned unless clearly erroneous. *Lewis v. Smart*, 2017 ND 214, ¶ 10, 900 N.W.2d 812.  A factual finding is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence supporting it, or if, although there is some evidence to support it, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶7]    Under N.D.C.C. § 14-05-24(1), a district court must equitably distribute the parties' marital property and debts.  A court "must start with a presumption that all property held by either party whether held jointly or individually is to be considered marital property." *Berg v. Berg*, 2018 ND 79, ¶ 7, 908 N.W.2d 705.  After including all of the marital assets and debts, the district court must divide the property after applying the *Ruff-Fischer* guidelines. *Lewis*, 2017 ND 214, ¶ 10, 900 N.W.2d 812. The *Ruff-Fischer* guidelines require the court to consider the following factors:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Lewis*, at ¶ 10.  In addition to the *Ruff-Fischer* guidelines, the court must consider the duration of the marriage and origin of the property in deciding an equitable property distribution. *Schultz v. Schultz*, 2018 ND 259, ¶ 10, 920 N.W.2d 483.  A distribution of marital property need not be equal to be equitable, but a substantial disparity must be explained. *Grasser v. Grasser*, 2018 ND 85, ¶ 22, 909 N.W.2d 99.

[¶8]    Adam Lizakowski argues the district court wrongfully excluded $45,236 from the marital estate.  He also claims the court erred in finding the parties' marriage was short-term.

[¶9] The district court found the parties' marriage was short-term, explaining, "The parties have been together for 16 years, but have only been married for nine years. This is not a lengthy marriage, and therefore an equal division of marital assets is not required." Because the court found the marriage was short-term, it excluded $45,236 from the marital estate, finding it was a premarital asset of Tonia Lizakowski's. The $45,236 resulted from the sale of a home awarded to her in an earlier divorce. The court found Tonia and Adam Lizakowski lived in the home together for approximately six years but were married for only one of those years. The court stated, "Considering the short term length of the parties marriage, and the fact that the Defendant only resided there for one year during the marriage the Court finds it appropriate to exclude the proceeds the Plaintiff received from her marital home . . . as a premarital asset."

[¶10] Regarding the duration of a marriage, we have not established a bright-line rule to distinguish between short-term and long-term marriages. *Schultz*, 2018 ND 259, ¶ 10, 920 N.W.2d 483. However, we have held that "[i]t is appropriate for a court to consider all of the parties' time together in dividing the marital property when parties live together and then marry." *Horner v. Horner*, 2004 ND 165, ¶ 13, 686 N.W.2d 131. A long-term marriage generally supports an equal division of the marital estate. *Schultz*, at ¶ 10.

[¶11] "We have repeatedly held that separate property, whether inherited or otherwise, must initially be included in the marital estate, and have never held that property brought into a marriage or acquired by gift or inheritance by one spouse, be irrevocably set aside to that spouse." *Swanson v. Swanson*, 2019 ND 25, ¶ 9, 921 N.W.2d 666 (citing *Hitz v. Hitz*, 2008 ND 58, ¶ 14, 746 N.W.2d 732; *Ulsaker v. White*, 2006 ND 133, ¶ 12, 717 N.W.2d 567). After including all of the parties' property in the marital estate, the court may then consider the duration of the marriage and origin of the property in deciding an equitable property distribution. *Hitz*, at ¶ 14; *Schultz*, 2018 ND 259, ¶ 10, 920 N.W.2d 483.

[¶12] We conclude the district court's exclusion of $45,236 as a premarital asset of Tonia Lizakowski's was based on an erroneous view of the law. If it had included that amount in the marital estate and allocated it to Tonia Lizakowski, her share would account for nearly 59 percent of the marital property. Additionally, in finding the parties had a short-term marriage, the court considered only the length of the marriage without taking into account the amount of time the parties lived together before the marriage. While we decline to hold Tonia and Adam Lizakowski had a long-term marriage as a matter of law, we conclude the court erred in finding the marriage was short-term without considering the period of cohabitation before the marriage. We therefore reverse and remand for the court to include the $45,236 in the marital estate and distribute the marital estate in consideration of the parties' entire relationship. If a substantial disparity exists after distributing the property, the disparity must be explained.

III

[¶13] Adam Lizakowski argues the district court erred in awarding Tonia Lizakowski primary residential responsibility.

[¶14] A district court's award of primary residential responsibility is a finding of fact reviewed under the clearly erroneous standard of review. *Friesner v. Friesner*, 2019 ND 30, ¶ 6, 921 N.W.2d 898. A court must award primary residential responsibility in light of the child's best interests, considering all the relevant best interest factors under N.D.C.C. § 14-09-06.2(1).

[¶15] Adam Lizakowski's brief asks us to reweigh the evidence relating to primary residential responsibility. *See Rustad v. Baumgartner*, 2018 ND 268, ¶ 4, 920 N.W.2d 465 (stating that under the clearly erroneous standard, we do not reweigh the evidence or reassess the credibility of witnesses). The district court addressed each of the best interest factors under N.D.C.C. § 14-09-06.2(1). The court found six factors favored Tonia Lizakowski, no factors favored Adam Lizakowski, and six factors favored neither party.

4

[¶16] We conclude the district court's award of primary residential responsibility to Tonia Lizakowski was not clearly erroneous. The court's findings have support in the record, and we are not left with a definite and firm conviction a mistake has been made.

IV

[¶17] Adam Lizakowski argues the district court erred in awarding attorney's fees to Tonia Lizakowski.

[¶18] Under N.D.C.C. § 14-05-23, a district court may award attorney's fees in a divorce action. The primary considerations for awarding attorney's fees under N.D.C.C. § 14-05-23 are one spouse's needs and the other spouse's ability to pay. *Friesner*, 2019 ND 30, ¶ 20, 921 N.W.2d 898. The statute also authorizes attorney's fees when "a party's actions have unreasonably increased the time spent on a case." *Kelly v. Kelly*, 2011 ND 167, ¶ 34, 806 N.W.2d 133. A court also has inherent authority to award attorney's fees as a sanction for a litigant's misconduct. *Id.* at ¶ 35. A court has broad discretion to award attorney's fees, and a court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Friesner*, at ¶ 20.

[¶19] Here, the district court sanctioned Adam Lizakowski and awarded Tonia Lizakowski $2,500 in attorney's fees relating to the trial. The court found "[Adam Lizakowski] and his attorney have been exceedingly difficult throughout this case, and their approach to this case has unnecessarily increased the time spent on the same." The court discussed Adam Lizakowski's failure to produce certain documents in discovery, and stated "[h]is obstructionist actions certainly increased the Plaintiff's attorney's fees."

[¶20] The district court awarded Tonia Lizakowski $10,050 in attorney's fees relating to Adam Lizakowski's post-judgment motions. In its July 2018 order denying Adam Lizakowski's motion to vacate and amend the findings, the court

5

found he presented no new evidence and was simply requesting the court to reweigh the evidence. The court awarded Tonia Lizakowski $8,050 in attorney's fees for having to respond to the motion.

[¶21] Adam Lizakowski then moved to amend the order appointing a parenting investigator. In response, Tonia Lizakowski moved for sanctions, claiming Adam Lizakowski's motion was without merit and frivolous. The district court denied Adam Lizakowski's motion and awarded Tonia Lizakowski $2,000 in attorney's fees as a sanction against Adam Lizakowski and his attorney. The court found that "the Plaintiff's attorney's fees are reasonable, under the circumstances. The Court bases this finding on the voluminous nature of the Defendant's post-trial pleadings, and the Defendant's statement that over $25,000 was spent in filing of the same."

[¶22] After reviewing the record, we conclude the district court did not abuse its discretion in awarding Tonia Lizakowski attorney's fees and sanctioning Adam Lizakowski. The court did not act in an arbitrary or unreasonable manner, and its decision was the product of a rational mental process leading to a reasoned determination.

[¶23] Although we conclude the district court did not abuse its discretion on attorney's fees, a portion of Adam Lizakowski's post-judgment motion to vacate and amend the findings argued the court erred in excluding $45,236 from the marital estate. In light of our reversal of the court's decision on that issue, the court may reconsider its award of attorney's fees on remand.

V

[¶24] We have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision. The judgment is affirmed in part, reversed in part, and remanded for further proceedings. The post-judgment orders awarding Tonia Lizakowski attorney's fees and sanctioning Adam Lizakowski are affirmed and remanded for reconsideration of the amount of attorney's fees.

[¶25] Jerod E. Tufte

6

Jon J. Jensen

Bruce B. Haskell, S.J.

Gerald W. VandeWalle, C.J.

[¶26]   The Honorable Bruce B. Haskell, Surrogate Judge, sitting in place of Crothers, J., disqualified.

[¶27]   The Honorable Lisa Fair McEvers disqualified herself subsequent to oral argument and did not participate in this decision.