# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 82

| | |
|---|---|
| Tonia Lyn Lizakowski, | Plaintiff and Appellee |
| v. | |
| Adam Jon Lizakowski, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

## No. 20200269

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Jennifer E. Albaugh, Fargo, ND, for plaintiff and appellee; submitted on brief.

Kristin A. Overboe, Fargo, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Adam Lizakowski appealed from an amended divorce judgment, arguing the district court lacked subject matter jurisdiction, and erred in distributing the marital property, awarding Tonia Lizakowski primary residential responsibility, and awarding Tonia Lizakowski attorney's fees. We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7), and award costs and attorney's fees.

I

[¶2]   This is the second appeal of the parties' divorce judgment. *See Lizakowski v. Lizakowski*, 2019 ND 177, 930 N.W.2d 609. In the first appeal, Adam Lizakowski similarly argued the district court erred in distributing the marital property, awarding Tonia Lizakowski primary residential responsibility, and awarding Tonia Lizakowski attorney's fees. *Id.* at ¶ 1. At oral argument in the first appeal, he asserted the district court lacked subject matter jurisdiction. We affirmed the award of primary residential responsibility to Tonia Lizakowski, *id.* at ¶ 16, reversed and remanded the property distribution, *id.* at ¶ 12, and concluded the district court did not abuse its discretion on attorney's fees, *id.* at ¶ 22. However, in light of reversing the property distribution, we stated that "the court may reconsider its award of attorney's fees on remand." *Id.* at ¶ 23. On remand, the district court recalculated and redistributed the marital property, and concluded its award of attorney's fees stood as previously ordered.

II

[¶3]   Adam Lizakowski conceded at oral argument that subject matter jurisdiction was raised in the first appeal. We rejected that argument in the first appeal in general fashion. *See Lizakowski*, 2019 ND 177, ¶ 24 (stating that "[w]e have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision"). Accordingly, we conclude that implicit within our prior decision was the determination that the district

court had subject matter jurisdiction, and Adam Lizakowski's argument to the contrary was without merit. The issue is now barred by the law of the case doctrine. *See Matter of Estate of Johnson*, 2017 ND 162, ¶ 11, 897 N.W.2d 921 (cleaned up) (stating that "[u]nder the law of the case doctrine, a party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal"); *Lee v. Lee*, 2007 ND 147, ¶ 10, 738 N.W.2d 479 (applying the law of the case doctrine to the issue of subject matter jurisdiction).

[¶4] Further, primary residential responsibility of the children was addressed in the first appeal, and is barred by the law of the case doctrine. *See Matter of Estate of Johnson*, 2017 ND 162, ¶ 11. We conclude the district court's property division on remand was not clearly erroneous, and the court did not abuse its discretion in awarding Tonia Lizakowski attorney's fees.

[¶5] Adam Lizakowski argues the Amended Findings of Fact, Conclusions of Law and Order for Amended Judgment incorrectly provides that the parties shall be equally responsible for certain student loans, even though the district court ordered otherwise in its Order on Remand. That is the case. However, the amended divorce judgment correctly provides in the "Marital Debt" section that Tonia Lizakowski is liable for her student loans, without any portion attributed to Adam Lizakowski. Because the language in the amended judgment controls, no correction is needed, and reversal is unwarranted. *See Serr v. Serr*, 2008 ND 56, ¶ 12, 746 N.W.2d 416 (stating that "if there is a conflict between a judgment and an order for judgment, the judgment controls").

[¶6] We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7).

III

[¶7] Tonia Lizakowski moved for reasonable costs and attorney's fees under N.D.R.App.P. 38, which provides, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's

2

fees." We award Tonia Lizakowski double costs and attorney's fees in the amount of $500.

IV

[¶8] The amended divorce judgment is summarily affirmed, and Tonia Lizakowski is awarded double costs and attorney's fees in the amount of $500.

[¶9]  Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Jerod E. Tufte
      Gail Hagerty, S.J.
      Carol Ronning Kapsner, S.J

[¶10] The Honorable Gail Hagerty, S.J., and the Honorable Carol Ronning Kapsner, S.J., sitting in place of Crothers, J., and McEvers, J., disqualified.