# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 231

Felice Renee Vassel,                                  Plaintiff and Appellee

v.

Issac Cole Vassel,                                    Defendant and Appellant

and

State of North Dakota,                        Statutory Real Party in Interest

## No. 20220143

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jacob D. Marburger (on brief), Williston, ND, for plaintiff and appellee.

Christene A. Reierson, Minot, ND, for defendant and appellant.

# Vassel v. Vassel, et al.
## No. 20220143

**McEvers, Justice.**

[¶1] Issac Vassel appeals from a district court's divorce judgment entered following a bench trial. He argues the court erred by awarding Felice Vassel back child support and spousal support. We affirm.

I

[¶2] Issac Vassel and Felice Vassel were in a relationship in 2009 and married in 2015. The parties have three minor children together, born in 2010, 2012, and 2016. Felice Vassel attempted to commence an action for divorce in or around September 2020. The summons and complaint were returned undeliverable. Felice Vassel filed a summons and complaint in North Dakota on October 15, 2020. Issac Vassel answered and filed a counterclaim on March 15, 2021. A bench trial was held on March 1, 2022.

[¶3] Issac Vassel and Felice Vassel testified at trial. In January 2020, Issac Vassel left Felice Vassel and their three children in North Dakota to go to Texas for a better paying job laying fiber optics. Felice Vassel and the children planned to join him in Texas. However, in May 2020, Issac Vassel informed Felice Vassel he planned to leave her for another woman. Felice Vassel and the children traveled to Texas in July 2020 but returned to North Dakota shortly thereafter because Issac Vassel had not secured an apartment for them.

[¶4] The parties have lived apart since January 2020 when Issac Vassel left for Texas. During this period, Felice Vassel cared and provided for the three children full-time. Felice Vassel also worked part-time and attended nursing school. She was earning approximately $2,200 per month and had expenses of $3,300 per month. Felice Vassel relied on food pantries to feed the children and lived in a two-bedroom apartment. Felice Vassel testified she alone provided the children with incidentals such as birthday and Christmas presents or extracurricular activities.

[¶5]   Issac Vassel earned approximately $33,105 annually in 2021, resulting in net monthly income of $2,338 for purposes of child support. According to Issac Vassel's Rule 8.2 Financial Statement dated May 24, 2021, his net monthly income was $2,442 and his expenses were $1,150 per month. Leading up to trial, he was able to cover his expenses and take several trips, including a vacation to the Bahamas. The court's interim order required him to pay child support directly to Felice Vassel for the months of July and August 2021, and the interim child support obligation of $870 commenced on September 1, 2021. Issac Vassel paid the interim child support as ordered.  Issac Vassel also made other payments to Felice Vassel for half the rent totaling $970. The final judgment reduced Issac Vassel's child support obligation to $699 because of his additional dependent born after the parties' separation.

[¶6]   The district court ordered Issac Vassel to pay back child support in the amount of $12,080 for the period of April 1, 2020 to July 1, 2021. The court reasoned Issac Vassel was responsible for contributing during this period because the children had been residing with and under Felice Vassel's sole care and custody while he was in Texas. The court also ordered Issac Vassel to pay $800 per month in spousal support for a period of 36 months. The court entered judgment accordingly. Issac Vassel appeals.

II

[¶7]   Issac Vassel argues the district court erred by awarding Felice Vassel back child support because the award is not supported by the record.

[¶8]   Section 14-09-08, N.D.C.C., places a duty upon parents to "give their children support and education suitable to the child's circumstances," and provides that a "court may compel either or both of the parents to provide for the support of their children." Section 14-08.1-01, N.D.C.C., provides:

> A person legally responsible for the support of a child under the age of eighteen years who is not subject to any subsisting court order for the support of the child and who fails to provide support, subsistence, education, or other necessary care for the child, regardless of whether the child is not or was not in destitute circumstances, is liable for the reasonable value of physical and

custodial care or support which has been furnished to the child by any person, institution, agency, or human service zone. Any payment of public assistance money made to or for the benefit of any dependent child creates a presumption that such payment equals the reasonable value of physical and custodial care or support.

[¶9] "Any married person may maintain an action in the district court . . . against the person's spouse for failure on the spouse's part to provide for . . . [t]he support of minor children by said husband or wife living with the party bringing suit." N.D.C.C. § 14-08-01. "[T]he district court has discretion to order past child support covering a period when the parties are separated but divorce proceedings are not pending under N.D.C.C. § 14-08.1-01." *Wilson v. Wilson*, 2014 ND 199, ¶ 14, 855 N.W.2d 105.

[¶10] A district court's decision to award past child support is discretionary and will not be overturned on appeal unless the court has abused its discretion. *Hagel v. Hagel*, 2006 ND 181, ¶ 7, 721 N.W.2d 1. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or it misinterprets or misapplies the law. *Kramer v. Kramer*, 2006 ND 64, ¶ 20, 711 N.W.2d 164. If the court provides no indication of the evidentiary and theoretical basis for its decision and the basis is not otherwise ascertainable in the record, we are left to speculate whether facts were properly considered and the law was properly applied leaving us unable to perform our appellate function. *Clark v. Clark*, 2005 ND 176, ¶ 9, 704 N.W.2d 847.

[¶11] Here, the district court gave a basis for its decision. In awarding back child support, the court explained:

> The court is considering the child support amount of $870.00 to commence as of April 1, 2020. Child support often commences on the date the obligor is served. There is a question as to when Issac was served in this matter. Issac had started a divorce action in Texas some time early 2020 and it appears that Felice tried to serve Issac divorce papers in North Dakota in October of 2020, but was unable to find him. One of the arguments for child support commencing when the obligor is served is so the obligor is not

3

blindsided by a large amount of arrearages. The idea is that the obligor knows he or she is going to be owing child support when he or she is served. In this case, Issac started a divorce in early 2020, and so he knew that child support was going to need to be paid. The exact date Felice was served was not given, but from her testimony, Felice was served sometime between February and April of 2020. Issac had also already been having an affair for some time before then and had decided that he was going to leave Felice. The children resided with Felice, and Felice had to provide for the children[.] It is therefore appropriate that Issac's child support obligation commence April 1, 2020.

[¶12] Issac Vassel argues the district court's findings are not supported by the record. He further argues the award for back child support should be for the months of March, April, May and June 2021, which was when Issac was put on notice that his child support was an issue through establishment of the interim order.

[¶13] Issac Vassel filed his answer and counterclaim in March 2021. Issac Vassel moved for an interim order on May 24, 2021, requesting primary residential responsibility for the three children and for Felice Vassel to pay child support. On June 30, 2021, the parties filed a stipulated agreement for the interim order. The order was signed on July 1, 2021, awarding Felice Vassel primary residential responsibility and ordering Issac Vassel to pay Felice Vassel $870 on July 1 and August 1, 2021, and regular child support payments of $870 per month to commence on September 1, 2021. The issue of back child support prior to July 1, 2021 was specifically reserved in the parties' stipulated interim order.

[¶14] Felice Vassel concedes the testimony at trial was that the Texas divorce action was commenced in the summer of 2020, not early 2020 as the district court found. Regardless of that minor factual error, the remaining findings support the award. The district court adequately explained its decision awarding Felice Vassel back child support. Issac Vassel left the children in the sole care and custody of Felice Vassel beginning in January 2020. He admittedly separated from the marriage in May 2020. Whether Issac Vassel intended to leave the marriage or not, he was separated from his family and

4

did little to support the children after March 2020. Issac Vassel did not begin making child support payments until July 2021, when it was court ordered. The district court ordered Issac Vassel pay back child support in the amount of $12,080 for the period of April 1, 2020 to July 1, 2021. Issac Vassel testified he paid $970 to Felice Vassel for half of the apartment rent. He was credited $970 by the court before arriving at the final back payment amount of $12,080. The court has discretion to order past child support covering a period when the parties were separated but divorce proceedings were not pending, which was the case here. *Wilson*, 2014 ND at ¶ 14. The court's decision is supported by the record. We conclude the court did not abuse its discretion when it awarded Felice Vassel back child support beginning April 1, 2020.

III

[¶15]  Issac Vassel argues the district court erred by awarding Felice Vassel spousal support because Felice Vassel does not need spousal support, and Issac Vassel does not have the ability to pay.

[¶16] District courts may award spousal support under N.D.C.C. § 14-05-24.1. "When determining whether to award spousal support, 'the court must consider the *Ruff-Fischer* guidelines, the needs of the spouse seeking support, and the ability of the other spouse to pay.'" *Quamme v. Quamme*, 2021 ND 208, ¶ 14, 967 N.W.2d 452 (quoting *Willprecht v. Willprecht*, 2020 ND 77, ¶ 40, 941 N.W.2d 556). The *Ruff-Fischer* factors include:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Orwig v. Orwig*, 2021 ND 33, ¶ 35, 955 N.W.2d 34 (citation omitted). Although the court is not required to make specific findings on each *Ruff-Fischer* factor, we must be able to determine the reasons for the court's decision. *Quamme*,

2021 ND at ¶ 14. The court is not required to provide a "complete calculation of each parties' assets, debts, and expenses, but 'a clear description of the financial situation of each party is helpful for this Court to understand the court's rationale in awarding spousal support.'" *Id. (quoting Willprecht*, 2020 ND at ¶ 11).

[¶17] "Rehabilitative spousal support is awarded to equalize the burdens of divorce" or to restore a spouse to independent status by providing the spouse "an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Rhodenbaugh v. Rhodenbaugh*, 2019 ND 109, ¶ 14, 925 N.W.2d 742. Decisions on spousal support are findings of fact reviewed under the clearly erroneous standard of review. *Id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Holm v. Holm*, 2017 ND 96, ¶ 4, 893 N.W.2d 492.

[¶18] The district court analyzed the *Ruff-Fischer* factors and found the factors heavily favored Felice Vassel. The court found Felice Vassel needs spousal support and Issac Vassel has the ability to pay. The court ordered Issac Vassel to pay Felice Vassel $800 per month in spousal support for 36 months.

[¶19] The court discussed the difference between the parties' circumstances and needs. The court found Felice Vassel has been the sole provider and caregiver for the children since January 2020. She has expenses of roughly $3,200 a month and income of $2,200 a month. She lives in a two-bedroom apartment with the three children and often has to go to food pantries to ensure everyone is fed. The court found Felice Vassel needs spousal support because she is currently in nursing school, taking care of the children, and unable to work full time. The court's findings are supported by the evidence. Moreover, rehabilitative spousal support provides an opportunity to acquire an education, training, work skills, or experience to become self-supporting. *Rhodenbaugh*, 2019 ND at ¶ 14.

[¶20] On the other hand, the court found Issac Vassel's expenses include his car, car insurance, phone bill, miscellaneous household expenses, and child support. He had few living expenses because he lived with his girlfriend and their child and she pays the expenses. The court found Issac Vassel has a much higher earning ability than Felice Vassel, and has chosen to earn less than he is able because he wants to stay with his girlfriend. The court found Issac Vassel has the ability to pay because his expenses are minimal and he does not have a rent payment. The court's findings are supported by the evidence.

[¶21] Issac Vassel argues he is living paycheck to paycheck and, therefore, does not have the ability to pay. A review of the record shows, according to his own financial affidavit, his current monthly income was $2,442, and his monthly expenses totaled $1,150. His listed monthly expenses included $500 per month in rent or a house payment which he admitted at trial no longer existed because his girlfriend bought a home for which he does not have to make payments. His child support payments or his share of the daycare were not included in his monthly expenses. After deducting $500 per month for rent, adding $838 for child support and back child support, and adding $100 per month for daycare, Issac Vassel's monthly expenses would be $1,588 per month. Adding spousal support of $800 per month increases his monthly expenses to $2,388, still less than his monthly income of $2,442, which also allows him some leeway to pay his share of the children's medical expenses if they arise. The court awarded spousal support for a period of 36 months, which is supported by the law.

IV

[¶22] The judgment is affirmed.

[¶23] Jon J. Jensen, C.J.
   Gerald W. VandeWalle
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte

7