# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 279

Raina Marie Saastad,

Plaintiff, Appellee,
and Cross-Appellant

v.

Paul Anton Saastad,

Defendant, Appellant,
and Cross-Appellee

No. 20190082

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Patti J. Jensen, East Grand Forks, Minnesota, for plaintiff, appellee, and cross-appellant.

Melinda H. Weerts, Fargo, North Dakota, for defendant, appellant, and cross-appellee.

**Saastad v. Saastad**
**No. 20190082**

**Tufte, Justice.**

[¶1]   Paul Saastad appeals from certain district court orders and a divorce judgment. Raina Saastad cross-appeals, asking us to reverse the district court's denial of her request for attorney's fees. We affirm.

I

[¶2]   Paul Saastad and Raina Saastad were married in 2006 and have two minor children together. In April 2017, Raina Saastad filed for divorce.

[¶3]   The issues of residential and decisionmaking responsibility for the parties' children were tried to the district court over two days in May 2018. In July 2018, the parties stipulated on the record to an agreement on financial issues. As part of the agreement, the parties agreed to pay their own attorney's fees.

[¶4]   Later in July 2018, the district court entered judgment. The court granted the parties equal decisionmaking responsibility regarding the children. It granted Raina Saastad primary residential responsibility, noting joint residential responsibility would not be in the best interests of the children given the parties' unwillingness to communicate or cooperate.

[¶5]   Paul Saastad moved for a new trial, seeking to admit newly discovered evidence. He also moved for relief from judgment, alleging several errors in the district court's judgment. Raina Saastad opposed the motions, and in her response requested attorney's fees for the additional legal work related to the post-judgment motions. The district court denied the motion for a new trial, granted the motion for relief from judgment in part, and denied Raina Saastad's request for attorney's fees.

II

[¶6]   Paul Saastad argues the district court erred in awarding primary residential responsibility of the parties' two children to Raina Saastad.

1

A district court's award of primary residential responsibility is a finding of fact reviewed by this Court under the clearly erroneous standard of review. *Schweitzer v. Mattingley*, 2016 ND 231, ¶ 22, 887 N.W.2d 541. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Innis-Smith v. Smith*, 2018 ND 34, ¶ 7, 905 N.W.2d 914. A court's choice for primary residential responsibility between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the district court when its decision is supported by the evidence. *Thompson v. Thompson*, 2018 ND 21, ¶ 8, 905 N.W.2d 772. A court must award primary residential responsibility in light of the child's best interests, considering all the relevant best interest factors under N.D.C.C. § 14-09-06.2(1).

*Friesner v. Friesner*, 2019 ND 30, ¶ 6, 921 N.W.2d 898.

[¶7]   Here, the district court considered each of the best interest factors under N.D.C.C. § 14-09-06.2(1) and found two factors favored Raina Saastad and one factor favored Paul Saastad. The court determined seven factors were neutral and two factors were not applicable to this case. Ultimately, the court decided joint residential responsibility was inappropriate due to the parties' inability to communicate effectively regarding the children. The court concluded its analysis of the best interest factors favored awarding primary residential responsibility to Raina Saastad.

[¶8]   Paul Saastad argues the district court erred in granting Raina Saastad primary residential responsibility of their shared children. In support, he cites *Martire v. Martire*, 2012 ND 197, 822 N.W.2d 450, in which this Court affirmed a district court's grant of joint residential responsibility despite findings that the parties agreed "on virtually nothing." However, in *Martire*, we emphasized the deference we pay to the trial court's determination. *Id.* at ¶¶ 19–20. Additionally, we have affirmed district court orders granting primary residential responsibility to one parent and joint decisionmaking responsibility to both parents. *See, e.g., Dick v. Erman*, 2019 ND 54, ¶ 15, 923 N.W.2d 137.

2

[¶9]   Because the district court decision is supported by the evidence, we do not substitute our judgment for that of the district court, and we affirm the order granting primary residential responsibility to Raina Saastad. *Thompson*, 2018 ND 21, ¶ 8, 905 N.W.2d 772.

### III

[¶10]   Paul Saastad argues the district court erred in denying his motion for a new trial.

> Under N.D.R.Civ.P. 59(b)(4), the court may vacate a decision and grant a new trial if there is newly discovered material evidence that the party, with reasonable diligence, could not have discovered and produced at the trial. Before a new trial is granted on the ground of newly discovered evidence, it must be shown: 1) the evidence was discovered following trial; 2) the movant must have exercised due diligence in discovering the evidence; 3) the evidence must not be merely cumulative or impeaching; 4) the evidence must be material and admissible; and 5) the evidence must be such that a new trial would probably produce a different result.

*Johnson v. Johnson*, 2001 ND 109, ¶ 6, 627 N.W.2d 779. A district court's decision on a motion for new trial or for relief from the judgment on the basis of newly discovered evidence under N.D.R.Civ.P. 59(b)(4) and N.D.R.Civ.P. 60(b)(2) will not be reversed on appeal unless the court abused its discretion. *Id.* at ¶ 6.

[¶11] The district court noted in its order denying Paul Saastad's motion for a new trial that there was no evidence that Paul Saastad could not have accessed the photographs before trial. The court thus concluded the evidence could have been obtained with reasonable diligence and denied Paul Saastad's motion. Because the district court's decision was the product of a rational mental process leading to a reasoned determination, we conclude it did not abuse its discretion denying Paul Saastad's motion for a new trial. We therefore affirm the district court's order denying Paul Saastad's motion for a new trial.

IV

[¶12] Paul Saastad argues the district court erred in denying his post-trial motion for relief from judgment. A district court's decision on a motion for relief from judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion. *Watford City Lodging LLC v. Miskin*, 2019 ND 136, ¶ 7, 927 N.W.2d 860.

[¶13] Paul Saastad sought relief from judgment under N.D.R.Civ.P. 60(b)(1) and (6). The district court granted Paul Saastad's motion in part, and denied it in part. In relevant part, the district court denied his request for additional parenting time on days the children have off from school adjacent to weekends during which he has custody.

[¶14] Under N.D.R.Civ.P. 60(b)(1), a court may relieve a party from a final judgment or order due to mistake, inadvertence, surprise or excusable neglect. Rule 60(b)(6), N.D.R.Civ.P., "is the 'catchall provision' that allows a court to grant relief for 'any other reason that justifies relief' and should be invoked only when extraordinary circumstances are present." *Flaten v. Couture*, 2018 ND 136, ¶ 29, 912 N.W.2d 330.

[¶15] The district court did not find application of N.D.R.Civ.P. 60(b)(1) or (6) to be appropriate because the children's school schedules were known to the parties at the time of trial. We conclude the district court did not abuse its discretion. Therefore, we affirm the district court's order denying Paul Saastad's motion for a relief from judgment.

V

[¶16] Raina Saastad cross-appeals, arguing the district court erred by denying her request for attorney's fees.

> Under N.D.C.C. § 14-05-23, a district court may award attorney's fees in a divorce action. The primary considerations for awarding attorney's fees under N.D.C.C. § 14-05-23 are one spouse's needs and the other spouse's ability to pay. *Friesner*, 2019 ND 30, ¶ 20, 921 N.W.2d 898. The statute also authorizes attorney's fees when "a party's actions have unreasonably

4

increased the time spent on a case." *Kelly v. Kelly*, 2011 ND 167, ¶ 34, 806 N.W.2d 133. A court also has inherent authority to award attorney's fees as a sanction for a litigant's misconduct. *Id.* at ¶ 35. A court has broad discretion to award attorney's fees, and a court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Friesner*, at ¶ 20.

*Lizakowski v. Lizakowski*, 2019 ND 177, ¶ 18, 930 N.W.2d 609.

[¶17] In Raina Saastad's request to the district court for attorney's fees, she argued an award of fees was appropriate because Paul Saastad's motion was untimely and unsupported by law or fact. On appeal, she argues the district court erred by failing to make findings regarding financial need and ability to pay. Raina Saastad did not ask the district court to consider her financial need or Paul Saastad's ability to pay. Instead, she requested attorney's fees as a sanction for an unmeritorious motion. The district court need not make findings of fact regarding financial need or ability to pay when ordering attorney's fees as a sanction. *Brew v. Brew*, 2017 ND 242, ¶ 34, 903 N.W.2d 72. Here, the district court reasoned that because it had partially granted the relief sought in the motion, no attorney's fees were warranted. We conclude the district court did not abuse its discretion in denying the request for attorney's fees.

VI

[¶18] We affirm the orders and divorce judgment.

[¶19] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
James D. Gion, D.J.
Gerald W. VandeWalle, C.J.

[¶20] The Honorable James D. Gion, D.J., sitting in place of McEvers, J., disqualified.

5